**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| TERESA PEDREGON | ) | |
| | ) | **Case No: 20-512 "A" (4)** |
| **Plaintiff,** | ) | |
| | ) | **Judge: Zainey** |
| v. | ) | |
| | ) | **Magistrate: Roby** |
| CHAD WOLF, ACTING SECRETARY, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT**

**MAY IT PLEASE THE COURT:**

The Defendant, Chad Wolf, Acting Secretary of the United States Department of Homeland Security, moves to dismiss some of the claims asserted in Plaintiff's Second Amended, Restated, and Superseding Complaint with Class Action Allegations (Complaint), R. Doc. 13, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). As is explained more fulling below, failed to exhaust her administrative remedies with regard to her class-action claim(s).

**I.      Relevant Facts**

According to her Complaint, Plaintiff has been employed by the U.S. Border Patrol (USBP) since December 2003. *Id.* at ¶ 14. Beginning in the fall/winter of 2018, Plaintiff alleges that she began experiencing discrimination when she applied for promotions and various other positions within USBP. In her 203-paragraph pleading, Plaintiff makes the following employment discrimination claims:

- Individual disparate treatment claims as a result of race, gender, color, and national origin discrimination, *see e.g. id.* at ¶¶ 1a, 20-21, 99, 186;

1

- Individual disparate impact claims as a result of race, gender, color, and national origin discrimination as a result of a facially neutral policy, custom, or practice, *see e.g. id.* at ¶¶ 1a, 20- 128, 134, 136, 193-196;

- Individual retaliation claim, *see e.g. id.* at ¶¶ 21, 199-203; and

- Class action claims for race, gender, color, and national origin discrimination, and retaliation, *see e.g. id.* at ¶¶ 150-203.

After learning that she was not selected for a promotion, Plaintiff alleges that she initiated her administrative claim on January 14, 2019 by contacting the EEO to allege "sex, color, and national origin disparate treatment and disparate impact discrimination…." *Id.* at ¶ 18. Plaintiff states that she filed her initial administrative complaint on April 24, 2019 "alleging disparate treatment and impact based on her sex (female), color (brown), and national origin (Hispanic ethnicity)." *Id.* at ¶ 20; *see* Exhibit A-1 at pp. 1-11. Plaintiff states that she continued to amend her administrative complaint when she was not selected for additional positions to which she had applied. *See* R. Doc. 13 at ¶ 21; Exhibit A-1 at pp. 12-47. For each of these additional non-selections, Plaintiff alleged discrimination based on her "national origin, sex, color, and retaliation for engaging in the EEO process relative to her initial complain in this matter." R. Doc. 13 at ¶¶ 21(a) – 21(i). Plaintiff acknowledges that she attempted to further amend her administrative complaint regarding a December 9, 2019 non-selection, but that the agency declined to accept this final non-selection as part of her original administrative claim. *Id.* at ¶ 21(j).

Plaintiff does not allege that she included any class-action claims as part of her administrative complaint. *See id.* Similarly, Plaintiff does not allege that she exhausted her administrative remedies with regard to her class-action claims. *See id.* In fact, Plaintiff did not include any class-action claims in her administrative complaint and failed to exhaust her administrative remedies for any of the class-action claims. *See* Exhibit A, Declaration of Lisa Culpepper, at ¶ 3; Exhibit A-1.

2

In her Complaint, Plaintiff acknowledges that the December 9, 2019 non-selection was not included (and therefore not exhausted) as part of her initial administrative claim. R. Doc. 13 at ¶ 21(j). At no point does Plaintiff claim to have exhausted her administrative remedies regarding her disparate treatment or disparate impact claims stemming from the December 9, 2019 non-selection. In fact, Plaintiff did not file a formal complaint of discrimination regarding the December 9, 2019 non-selection. *See* Exhibit A at ¶ 5.

Finally, while Plaintiff alleges that she included a facially neutral disparate impact claim as part of her administrative complaint, she does not allege that she ever identified a facially neutral employment practice during the pendency of her administrative claim. In fact, Plaintiff did not identify or present a facially neutral employment practice that resulted in disparate impact to her during the administrative claim process. *See* Exhibit A at ¶ 4.

## II.    Standard of Review under Federal Rule of Civil Procedure 12(b)(6)

"In ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009). However, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level" and "the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must "nudge [her] claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

When a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "[t]he court's review is

limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). Plaintiff repeatedly referenced her administrative claim and the administrative claim process throughout her Complaint. *See e.g.* R. Doc. 13 at ¶¶ 18-28, 32-34, 99-101, and 103. Therefore, this Court can consider portions of Plaintiff's administrative claim in evaluating this motion to dismiss.

## III.    Argument – Failure to Exhaust Administrative Remedies

"Before seeking relief in federal court, Title VII plaintiffs must exhaust their administrative remedies." *Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018) (citing *Davis v. Ft. Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018)). "The purpose of this exhaustion doctrine is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws. Administrative exhaustion is important because it provides an opportunity for voluntary compliance before a civil action is instituted." *Davis*, 893 F.3d at 307 (cleaned up).

In the Fifth Circuit, "Title VII's administrative exhaustion requirement is not a jurisdictional bar to suit but rather a prudential prerequisite…." *Davis*, 893 F.3d at 308; *see Stroy*, 896 F.3d at 698 (administrative exhaustion "is only a precondition to filing suit, subject to waiver or estoppel defenses."). Even though "administrative exhaustion is not a *jurisdictional* requirement, it is still a requirement." *Stroy*, 896 F.3d at 698 (emphasis in original).

Regarding class-action claims, the Equal Employment Opportunity Commission (EEOC) promulgated specific administrative requirements that a plaintiff must exhaust before she can assert class-action Title VII claims in federal court. *See* 29 C.F.R. § 1614.204.

> In light of the distinct administrative mechanism created specifically
> to address class claims of discrimination, courts have generally held

> that exhaustion of individual administrative remedies is insufficient to commence a class action in federal court. Rather, to bring a class action, there must have been an exhaustion of class administrative remedies. Allowing a class action to proceed in federal court even if there has been no exhaustion of class administrative procedures would undermine the important objectives served by bringing a class claim before the government agency in an effort to attain class-wide, administrative resolution.

*Barkley v. U.S. Marshals Service ex rel. Hylton*, 766 F.3d 25, 36 (D.C. Cir. 2014) (cleaned up); *see Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) ("A federal employee must exhaust his class action claim … before raising it in federal court, and exhaustion of an individual Title VII claim is not sufficient to exhaust a class action claim."). "A fundamental object of the class administrative mechanism is to promote a government agency's awareness of, and ability to resolve, an allegedly program-wide problem." *Barkley*, 766 F.3d at 36. "Nowhere in the regulation is there any suggestion that processing of an individual complaint to exhaustion gives the complainant a right to carry an unadjudicated class count piggyback into federal court." *McKenzie v. Principi*, 2001 WL 1005931, at *1 (E.D. La. Aug. 29, 2001) (Beer, J.). Accordingly, this Court must dismiss Plaintiff's class-action claims for failure to exhaust her administrative remedies. *See e.g. Barkley*, 755 F.3d at 36; *Belhomme*, 127 F.3d at 1217; *Oldham v. Brennan*, 2016 WL 7375328 (D. Col. 2016); *Woodward v. Salazar*, 731 F. Supp. 2d 1178 (D.N.M. 2010); *McKenzie*, 2001 WL 1005931, at *2.

Similarly, and as acknowledged by Plaintiff, she has not exhausted her administrative remedies regarding any disparate treatment or disparate impact claims resulting from her December 9, 2019 non-selection. Accordingly, those claims must also be dismissed from this lawsuit for failure to exhaust administrative remedies.

Finally, while Plaintiff raised the spectre of asserting disparate impact claims during the administrative claim process, *see* Exhibit A-1, at no time during the administrative claim process

did she "identify[] or present[] the facially neutral employment practice that allegedly resulted in a disparate impact on Hispanic, brown-skinned, or female employees during the CBP's administrative process." Exhibit A at ¶ 4. Plaintiff's failure to identify the facially neutral policy, custom, or practice that she believes caused her disparate impact deprived the agency of the opportunity to evaluate that policy, custom, or practice during the administrative claim process. Accordingly, Plaintiff failed to exhaust her administrative remedies regarding her disparate impact claim and those claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV.    Conclusion

For the foregoing reasons, Defendant asks this Court to dismiss Plaintiff's class-action claims, her disparate impact claims, and all disparate treatment claims arising from her December 9, 2019 non-selection for failure to exhaust her administrative remedies.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY


 /s/ JASON M. BIGELOW
JASON M. BIGELOW
Assistant United States Attorney
LA Bar Roll No. 29761
650 Poydras Street - Suite 1600
New Orleans, Louisiana 70130
Telephone:  (504) 680-3025
Fax:  (504) 680-3174
Email:  jason.bigelow@usdoj.gov

6