| | |
|---|---|
| **From:** | Kevin Vogeltanz |
| **To:** | CBP EEO COMPLAINT FILING |
| **Cc:** | FOWLER, JAMAR M |
| **Subject:** | In re Pedregon v. McAleenan: Complainant's Individual Complaint of Employment Discrimination; EEO No. HS-CBP-00701-2019 |
| **Date:** | Wednesday, April 24, 2019 2:58:04 PM |
| **Attachments:** | [Pedregon] ltr 2019.4.24 Vogeltanz to CBP in re Formal Complaint of Discrimination.pdf |

To whom it may concern:

I represent claimant Teresa Pedregon, who is currently employed by the United States Border Patrol as a Division Chief and Acting Deputy Chief Patrol Agent of its New Orleans Sector in New Orleans, Louisiana.

On behalf of my client, Ms. Pedregon hereby submits and files her signed, Individual Complaint of Employment Discrimination and related Declaration in the subject-line referenced case, both of which are attached to this communication.

Please file and process Ms. Pedregon's complaint as of today's date, April 24, 2019.

Thank you in advance for your time and efforts on this case. I look forward to working with the Diversity and EEO Division to amicably resolve Ms. Pedregon's claims.

Best,

Kevin S. Vogeltanz
Attorney for claimant Teresa Pedregon


--
The Law Office of Kevin S. Vogeltanz, LLC
Employment & Discrimination Litigation
email:  vogeltanz@gmail.com
voice/text:  504.275.5149
efax:  504.910.1704
physical:  823 Carroll Street, Suite A | Mandeville, LA 70448

*This message (and any attachments) may be a privileged and confidential communication to one of my clients. If you are not the intended recipient, please email or contact me immediately, then please delete this misdirected email. Thanks very much in advance.

# THE LAW OFFICE OF KEVIN S. VOGELTANZ, LLC

Employment & Discrimination Law
vogeltanz@gmail.com  |  office: 504.275.5149  |  fax: 504.910.1704
823 Carroll Street, Suite A / Mandeville, LA 70448

April 24, 2019

U.S. Customs and Border Protection                                        **Via Email**
Privacy and Diversity Office
**Diversity and EEO Division**
1300 Pennsylvania Avenue, NW
Room 3.3D
Washington, D.C. 20229
Office:  (202) 344-1610
**cbpeeocomplaintfiling@cbp.dhs.gov**

In re:    **Pedregon v. McAleenan, Acting Secretary USDHS**
EEO No. HS-CBP-00701-2019
Complainant's Individual Complaint of Employment Discrimination

To whom it may concern:

I represent claimant Teresa Pedregon, who is currently employed by the United States Border Patrol as a Division Chief and Acting Deputy Chief Patrol Agent of its New Orleans Sector in New Orleans, Louisiana.

On November 30, 2018, Ms. Pedregon learned that she had not been selected for an open Associate Chief position that had been competitively advertised by USBP.  Ms. Pedregon timely initiated the informal EEO counseling process on January 14, 2019.  Jamar Fowler was subsequently assigned as Ms. Pedregon's EEO counselor (and Mr. Fowler is cc'd to this communication).  On April 10, 2019, Ms. Pedregon received her notice of right to file a discrimination complaint.

Ms. Pedregon hereby submits and files her signed, Individual Complaint of Employment Discrimination and related Declaration in this case, both of which are attached to this communication.  Please file and process Ms. Pedregon's complaint as of today's date, April 24, 2019.

Finally, please direct all communication regarding Ms. Pedregon's case and investigation to both my client and me.

Thank you in advance for your time and efforts on this case.  I look forward to working with the Diversity and EEO Division to amicably resolve Ms. Pedregon's claims.

1

Best,

/s/ Kevin S. Vogeltanz, Esq.
The Law Office of Kevin S. Vogeltanz, LLC
Attorney for claimant Teresa Pedregon

attachments

Cc:

**Jamar Fowler**                                                                                  **Via Email**
Equal Employment Opportunity (EEO) Officer
Privacy and Diversity Office
Diversity and EEO Division
U.S. Customs & Border Protection
Office:  (202) 355-8703
Fax:  (202) 325-1476
**jamar.m.fowler@cbp.dhs.gov**

2

**RECEIVED**
*By Lane at 8:30 am, May 06, 2019*

OMB No. 1610-0001 Expiration Date: 8/31/18

| | |
|---|---|
| DEPARTMENT OF HOMELAND SECURITY<br>**INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION**<br>*(Use this form for original complaints and amendments.)* | **FOR OFFICIAL USE ONLY**<br>DEPARTMENT CASE NUMBER<br>HS-CBP-00701-2019<br>FILING DATE<br>4/24/19 Via EEO Mailbox |

## PART I COMPLAINANT IDENTIFICATION

**1. NAME** *(Last, First, Middle Initial)*

PEDREGON, TERESA

**2. TELEPHONE/FAX** *(Include Area Code)*

| Home<br>+1 ▓▓▓▓▓ | Fax |
|---|---|
| Work<br>+1 (504) 376-2803 | Fax |

**3. HOME ADDRESS** *(You must notify the Department of any change of address while complaint is pending, or your complaint may be dismissed.)*

▓▓▓▓▓▓▓▓

**4. IF YOU ARE A CURRENT OR FORMER EMPLOYEE OF THE FEDERAL GOVERNMENT, LIST YOUR RECENT TITLE, SERIES, AND GRADE.**

Title
Division Chief /
Acting Deputy Chief Patrol Agent

| Series | Grade |
|---|---|
| 1896 | GS-14 |

**5. NAME AND ADDRESS OF ORGANIZATION WHERE YOU WORK** *(If a Department of Homeland Security Employee)*

Bureau or Component
DHS,CBP, United States Border Patrol

Office and Organizational Unit
New Orleans Sector

Street Address
423 Canal Street, Suite 409

| City | State | Zip Code |
|---|---|---|
| New Orleans | LA | 70130 |

**6. EMPLOYMENT STATUS IN RELATION TO THIS COMPLAINT**

☐ Applicant   ☐ Probationary   ☒ Career/Career Conditional

☐ Uniformed Service Member

☐ Former Employee/Member _____

Date Left Department

☐ Retired _____

Date of Retirement

☐ Other *(Specify)* _____

**7. I certify that all statements made in this complaint are true, complete, and correct to the best of my knowledge and belief.**

| SIGNATURE OF COMPLAINANT OR ATTORNEY REPRESENTATIVE<br>*Teresa Pedregon* | DATE<br>4/24/19 |
|---|---|

## PART II DESIGNATION OF REPRESENTATIVE

8. YOU MAY REPRESENT YOURSELF IN THIS COMPLAINT OR YOU MAY CHOOSE SOMEONE TO REPRESENT YOU. YOUR REPRESENTATIVE DOES NOT HAVE TO BE AN ATTORNEY. YOU MAY CHANGE YOUR DESIGNATION OF A REPRESENTATIVE AT A LATER DATE, BUT YOU MUST NOTIFY THE DEPARTMENT IMMEDIATELY IN WRITING OF ANY CHANGE, AND YOU MUST INCLUDE THE SAME INFORMATION REQUESTED IN THIS PART.

**"I hereby designate** *(Please Print Name)* Kevin S. Vogeltanz, Esq. **to serve as my representative during the course of this complaint. I understand that my representative is authorized to act on my behalf."**

Is the representative an attorney?   ☒ YES   ☐ NO

| **9. REPRESENTATIVE'S MAILING ADDRESS**<br>FIRM/ORGANIZATION<br>Law Office of Kevin S. Vogeltanz, LLC | **10. REPRESENTATIVE'S EMPLOYER** *(If Federal Agency)*<br>N/A |
|---|---|
| STREET ADDRESS<br><br>823 Carroll Street, Suite A | **11. REPRESENTATIVE'S TELEPHONE/FAX** *(Include Area Code)*<br>Telephone          Fax<br>+1 (504) 275-5149    +1 (504) 910-1704 |
| CITY, STATE, & ZIP CODE<br><br>Mandeville, LA 70448 | 12a. COMPLAINANT'S SIGNATURE | 12b. DATE<br>4/24/19 |

DHS Form 3090-1 (8/15)

## PART III ALLEGED DISCRIMINATORY ACTIONS

| 13. NAME OF PERSON OR DHS COMPONENT WHO TOOK THE ACTION AT ISSUE. | 14. ARE YOU WILLING TO PARTICIPATE IN MEDIATION OR OTHER AVAILABLE TYPES OF ALTERNATIVE DISPUTE RESOLUTION TO RESOLVE YOUR COMPLAINT? |
|---|---|
| Brian Hastings, Chief, LEOD USBP/HQ | |
| **ORGANIZATION**<br>DHS, CBP, United States Border Patrol | [X] YES      [ ] NO |
| **STREET ADDRESS**<br>1300 Pennsylvania Ave. NW | |
| **CITY, STATE, & ZIP CODE**<br>Washington, DC 20229 | |

15. A. Describe the action taken against you that you believe was discriminatory.

B. Give the date when the action occurred, and the name of each person responsible for the action.

C. Describe how you were treated differently from other employees, applicants, or members for any of the reasons listed in Item 16.

D. Indicate what harm, if any, came to you in your work situation as a result of this action. (You may, but are not required to, attach extra sheets.)

E. If the basis of your complaint is parental status or sexual orientation, use this form, but your complaint is not statutorily based and will follow separate, parallel process.

I believe I was not selected for the Associate Chief position I applied for based on my national origin, sex, and color. I have attached a declaration to this complaint fully setting forth the facts and allegations of my disparate treatment/impact claim.

16. Mark below **ONLY** the bases you believe were relied on to take the actions described in Item 15.

| | |
|---|---|
| [ ] RACE (Specify) | [ ] AGE (Date of Birth) |
| [X] COLOR (Specify) Brown | [ ] PHYSICAL OR MENTAL DISABILITY (Describe) |
| [ ] RELIGION (Specify) | |
| [X] NATIONAL ORIGIN (Specify) Hispanic | [ ] RETALIATION/REPRISAL (Dates of Prior EEO Activity) |
| [X] SEX (Specify) Female | |
| [ ] Pregnancy  [ ] Gender Identity | [ ] GENETIC INFORMATION |
| | [ ] SEXUAL ORIENTATION |
| | [ ] PARENTAL STATUS |

17. WHAT REMEDIAL OR CORRECTIVE ACTION ARE YOU SEEKING TO RESOLVE THIS MATTER

Reinstatement to the Associate Chief position I was wrongfully denied; lost wages related to the Associate Chief position; my attorney's fees & costs; applicable statutory damages

18. ON THIS SAME MATTER, HAVE YOU FILED A GRIEVANCE OR APPEAL UNDER:

| | | |
|---|---|---|
| Negotiated grievance procedure | [ ] YES | [X] NO |
| Agency grievance procedure | [ ] YES | [X] NO |
| Merit Systems Protection Board appeal procedure | [ ] YES | [X] NO |

If you filed a grievance or appeal, provide date filed, case number, and present status.

## PART IV CONTACT

**EEO/EO Counseling is not required if you are requesting amendment of an existing, open complaint. Complete items 24 and 25, even if you did not contact a counselor.**

| 19. DATE YOU CONTACTED AN EEO COUNSELOR | 20. NAME AND TELEPHONE NUMBER OF EEO COUNSELOR |
|---|---|
| | Name                          Phone |
| 01/14/2019 | Jamar Fowler          +1 (202) 355-8703 |

| 21. DID YOU DISCUSS ALL ACTIONS RAISED IN ITEM 15 WITH AN EEO COUNSELOR? (If NO, explain on attached sheet)<br>[X] YES   [ ] NO | 22. DATE YOU RECEIVED YOUR "NOTICE OF RIGHT TO FILE"<br><br>04/10/2019 |
|---|---|

23. IF YOU ARE REQUESTING AMENDMENT OF AN EXISTING, OPEN, FORMAL COMPLAINT (OR PROVIDING ADDITIONAL EVIDENCE), INDICATE THE COMPLAINT CASE NUMBER OF THAT COMPLAINT. N/A

| 24. DATE OF MOST RECENT DISCRIMINATORY EVENT | 25. DATE YOU FIRST BECAME AWARE OF THE ALLEGED DISCRIMINATION |
|---|---|
| 11/30/2018 | 11/30/2018 |

DHS Form 3090-1 (8/15)                                                                                    Page 2 of 4

OMB No. 1610-0001 Expiration Date: 8/31/18

## DEPARTMENT OF HOMELAND SECURITY

### DHS FORM 3090-1, INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION FORM INSTRUCTIONS

**(Read the following instructions carefully before you complete this form.)**

**(Please complete all items on the complaint form.)**

**GENERAL:**  This form should be used only if you, as an applicant for employment with the Department of Homeland Security (DHS), or as a present or former Department of Homeland Security employee:

1. believe you have been discriminated against because of your **race, color, religion, sex, national origin,** age (40 years or older at the time of the event giving rise to your claim), **physical or mental disability, genetic information** or in **reprisal** for opposition to activities protected by civil rights statutes, or participation in proceedings to enforce those statutes; **or**

2. believe you have been discriminated against because of your **parental status or sexual orientation.** Your claim is not covered under statutory basis, but will be processed under a parallel procedure, **and**

3. have presented the matter for informal resolution to an Equal Employment Opportunity (EEO) Counselor within **45 days** of the event giving rise to your claim, or within **45 days** of first becoming aware of the alleged discrimination. If you are amending or providing additional evidence to an existing open complaint, the form should be used, but EEO counseling is not required.

**IMPORTANT NOTE:**  In certain situations, the information provided in Part III of the attached complaint form may be used in lieu of an affidavit in the investigation of your complaint. Accordingly, the information you provide in this part should be brief, clear, and complete.

**WHEN TO FILE:**  In accordance with 29 CFR 1614.106, your formal complaint must be filed within **15 calendar days** of the date you received the "Notice of Right to File a Discrimination Complaint" from your EEO Counselor. You must sign and date your complaint. If you are represented **by an attorney**, the attorney may sign the complaint on your behalf.

These time limits may be extended:

1) if you show that you were not notified of the time limits and were not otherwise aware of them, **or**

2) if you were prevented by circumstances beyond your control from submitting the matter within the time limits, **or**

3) for other reasons considered sufficient by the Department.

**REPRESENTATION:**  You may have a representative of your own choosing at all stages of the processing of your complaint. However, your representative will be disqualified if such representation would conflict with the official or collateral duties of the representative. No EEO Counselor, EEO Investigator or EEO Officer may serve as a representative. (Your representative need not be an attorney, but only an attorney representative may sign the complaint on your behalf.)

**WHERE TO FILE:**  In accordance with 29 CFR 1614.106(c), your written complaint must be signed by you or your attorney. The complaint should be filed with the EEO Director of the Department of Homeland Security component where the alleged discrimination occurred. (Filing instructions are contained in the "Right to File" form, which was provided by your Counselor.) Keep a copy of the completed complaint form for your records.

# PRIVACY ACT STATEMENT

1.  **FORM/TITLE/DATE:**  Department of Homeland Security (DHS) DHS Form 3090-1, **Individual Complaint of Employment Discrimination** with the Department of Homeland Security.

2.  **AUTHORITY:**  42 USC 2000e; 29 USC 633a; 5 USC 1303 and 1304; 5 CFR 5.2 and 5.3; 29 CFR 1614.105 and 1614.107; and Executive Order 11478, as amended.

3.  **PRINCIPAL PURPOSES:**  The purpose of this complaint form, whether recorded initially on the form or taken from a letter from the Complainant, is to record the filing of a formal written complaint of employment discrimination with the Department of Homeland Security on the grounds of race, color, religion, sex, national origin, age, physical or mental disability, protected genetic information, or retaliation. Information provided on this form will be used by DHS to determine whether the complaint was timely filed and whether the allegations in the complaint are within the purview of 29 CFR Part 1614, to provide a factual basis for investigation of the complaint, and to reach a decision on the complaint. It also records an amendment or additional evidence to an open, pending complaint.

4.  **ROUTINE USES:**  Other disclosures may be:

    a.  to respond to a request form from a Member of Congress regarding the status of the complaint or appeal;

    b.  to respond to a court subpoena and/or to refer to a district court in connection with a civil suit;

    c.  to disclose information to authorized officials or personnel to adjudicate a complaint or appeal; or

    d.  to disclose information to another Federal agency or to a court or third party in litigation when the Government is party to a suit before the court.

5.  **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY, AND EFFECT OF NOT PROVIDING INFORMATION:** Formal complaints of employment discrimination must be in writing, signed by the Complainant (or attorney representative), and must identify the parties and action or policy at issue. Failure to comply may result in the Department of Homeland Security dismissing the complaint. It is not mandatory that this form be used to provide the requested information.


# OMB STATEMENT

In accordance with the Paperwork Reduction Act, no persons are required to respond to a collection of information unless it displays a valid OMB Control Number. The valid OMB Control Number for this information collection is 1610-0001. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

**DECLARATION OF TERESA PEDREGON**
**IN SUPPORT OF HER DEPARTMENT OF HOMELAND SECURITY,**
**INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION**

I, Teresa Pedregon, am over the age of 18 years, and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing facts are true and correct to the best of my knowledge and recollection:

1. I am currently employed by the United States Department of Homeland Security, U.S. Customs and Border Protection, United States Border Patrol ("USBP"). My permanent job title is "Supervisory Border Patrol Agent," also known as a "Division Chief," but I currently serve as the Acting Deputy Chief Patrol Agent for the New Orleans Sector located in New Orleans, Louisiana.

2. Relevant to this case, I am a Hispanic woman with brown skin. I also speak fluent Spanish.

3. On or about September 11, 2018, I applied via USAJobs.com for an open "Associate Chief" position with USBP at its Washington, D.C. headquarters (job posting no. USBP-IMP-10288672-JRB). The Associate Chief position represents a promotion or advancement in my career with USBP.

4. On November 30, 2018, I was informed via USAJobs.com that I was not selected for the position. Instead, my understanding is that two other applicants, Robert Simon and Steven Adkison, were selected. I believe I was objectively more qualified than either Mr. Simon or Mr. Adkison for the position in terms of total experience and leadership. In particular, I have served as an Assistant Chief Patrol Agent (GS-14); Division Chief (GS-14); Acting Executive Officer (GS-14); and most recently Acting Deputy Chief Patrol Agent (GS-15) over the entire New Orleans Sector. In contrast, it is my understanding

Declaration of Teresa Pedregon 1 of 4

that neither Mr. Simon nor Mr. Adkison have ever held any of these positions. I believe the most senior position held by Mr. Simon was Acting Assistant Chief Patrol Agent (GS-14). While it is true that Mr. Adkison had previously served as an Acting Associate Chief (GS-15), he was nevertheless selected as the Associate Chief in this case after previously serving at one time as my subordinate in the New Orleans Sector while I served as its Division Chief.

5. My understanding is that USBP Chief of Law Enforcement Operations, Brian Hastings, was either the actual or de facto decision maker with respect to the selection of the Associate Chief position in this case (meaning, I believe that Chief Hastings actually determined the selectee for the position, or Chief Hastings recommended the selectee to the actual decision maker who relied on his recommendation and made the selection).

6. Regardless of who was the final decision-maker in this case, my understanding is that USBP did not conduct any interviews for the Associate Chief position before making its final selection.

7. My understanding is that the selectees, Mr. Simon and Mr. Adkison, are both White, non-Hispanic men with white skin.

8. I believe that Mr. Hastings selected both Mr. Simon and Mr. Adkison over me, or recommended their selections, because Mr. Hastings was biased against me because of my national origin (Hispanic), sex (female), and skin color (brown); or, alternatively, because Mr. Hastings favored Mr. Simon and Mr. Adkison because of their national origin (non-Hispanic), sex (male), and skin color (white). Stated another way, I believe I would have been selected for the Associate Chief position in this case if I were a non-Hispanic man with white skin.

9.    I timely filed an EEO informal complaint of discrimination based on these facts on January 14, 2019 (informal complaint no. HS-CBP-00701-2019).

10.    This is the second time I have applied for an Associate Chief position but was not selected in favor of a candidate whom I believe I was objectively better qualified. On or about January 2018, I applied for an identical Associate Chief position via USAJobs.com (job posting no. USBP-IMP-10071938-CT). In that instance, just like in this case, my understanding is that no interviews were conducted, and that Chief Hastings was the actual or de facto decision maker. In that prior instance, my understanding is that the following individuals (along with their relevant statuses) were selected for available Associate Chief positions:

    a.    Sandi Goldhamer (non-Hispanic woman with white skin) (married at the time of her selection to USBP Chief Carla Provost;

    b.    John Nieves (Hispanic man with brown skin);

    c.    William Hitchcock (non-Hispanic man with white skin);

    d.    Jeffrey Dinise (non-Hispanic man with white skin) (I had previously supervised Mr. Dinise in New Orleans); and,

    e.    Richard Fortunato (non-Hispanic man with white skin).

11.    Just like in this case, I believe I was objectively better or at least equally qualified than the individuals selected for the Associate Chief positions. Just like in this case, I believe Mr. Hastings selected these individuals for the Associate Chief positions because he favors non-Hispanic people, men, and people with white skin to Hispanic people, women, and people with brown skin. (Note, however, that my complaint of discrimination in this case concerns only my non-selection to the Associate Chief position about which I was notified on November 30, 2018. I mention the facts of the January 2018 Associate Chief

selection process only as further evidence of USBP and/or Mr. Hasting's disparate preference for non-Hispanic men with white skin over Hispanic women with brown skin).

12. Ultimately, regardless of whether or not Mr. Hastings was the true decision-maker with respect to the Associate Chief position in this case, I believe that USBP did not select me for the Associate Chief position because I am a Hispanic woman with brown skin. I believe I was discriminated against because of my national origin, sex, and color.

13. In addition or in the alternative to my claim of disparate treatment described above, I also make a claim for disparate impact in this case. It is my understanding that there are currently sixteen Associate Chiefs in USBP, but at most only one is a woman (white, non-Hispanic), and only one is Hispanic (male). I believe this either demonstrates further evidence of disparate animus against me because of my national origin, sex, and color, or that USBP has some policy or custom that, although perhaps facially neutral, has the disparate impact of heavily promoting non-Hispanic men with white skin into senior leadership positions specifically including (although perhaps not limited to) the Associate Chief position. Thus, in addition or as an alternative to my disparate treatment claim, I assert that I would have been selected for the Associate Chief position but-for this disparate impacting policy or custom.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this day, April 24, 2019.

Teresa Pedregon

Declaration of Teresa Pedregon 4 of 4

| From: | Kevin Vogeltanz |
|---|---|
| To: | CBP EEO COMPLAINT FILING |
| Cc: | PEDREGON, TERESA (NLL); DAVIDSON, DANIELLE |
| Subject: | In re: Pedregon v. McAleenan; Complaint No. HS-CBP-00701-2019; First Amendment to Individual Complaint of Employment Discrimination |
| Date: | Thursday, July 25, 2019 1:34:40 PM |
| Attachments: | [Pedregon] ltr 2019.7.25 Vogeltanz to DHS re First Amendment to Complaint.pdf |

To whom it may concern:

On behalf of my client, complainant Teresa Pedregon, in the subject-line referenced matter, I have attached to this email complainant's First Amendment to her original Individual Complaint of Employment Discrimination in this matter.

As fully described on the merits in the attached letter-amendment, complainant amends her complaint to add the following, related claims against the following individuals:

1. A retaliation claim against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings;

2. A second, disparate treatment claim against Chief Hastings;

3. A retaliation claim against Chief Patrol Agent, New Orleans Sector, Gregory Bovino; and,

4. A disparate treatment claim against CPA Bovino.

Thank you for processing Ms. Pedregon's amendment in this matter.

Please do not hesitate to contact my office for any reason relating to this amendment.

Best,

Kevin

--
The Law Office of Kevin S. Vogeltanz, LLC
Employment & Discrimination Litigation
email:  vogeltanz@gmail.com
voice/text:  504.275.5149
efax: 504.910.1704
physical:  823 Carroll Street, Suite A | Mandeville, LA 70448

*This message (and any attachments) may be a privileged and confidential communication to one of my clients. If you are not the intended recipient, please email or contact me immediately, then please delete this misdirected email. Thanks very much in advance.

# THE LAW OFFICE OF KEVIN S. VOGELTANZ, LLC

Employment Law & Litigation
vogeltanz@gmail.com | office: 504.275.5149 | fax: 504.910.1704
823 Carroll Street, Suite A / Mandeville, LA 70448

July 25, 2019

U.S. Customs and Border Protection                                          **Via Email**
Privacy and Diversity Office
Diversity and EEO Division
1300 Pennsylvania Avenue, NW
Room 3.3D, Mailstop #1019
Washington, D.C. 20229
Telephone: (202) 344-1610
**cbpeeocomplaintfiling@cbp.dhs.gov**

> **In re:  Pedregon v. McAleenan, Acting Secretary USDHS**
> Complaint No. HS-CBP-00701-2019
> First Amendment to Complaint to Assert Related Claim

To whom it may concern:

Pursuant to 20 C.F.R. § 1614.106(d), complainant Teresa Pedregon hereby amends her subject-line referenced Individual Complaint of Employment Discrimination, filed with your office on April 24, 2019, for the purpose of adding the following, related claims against the following individuals:

1. A retaliation claim against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings, based upon his alleged retaliation against Pedregon for the filing of her original complaint of discrimination in this matter, for Hastings's role in ensuring that Pedregon was not selected for a promotion to the Patrol Agent in Charge position at USBP's Three Points Station in Tuscon, Arizona;

2. A second, disparate treatment claim based on Pedregon's sex (female), national origin (Hispanic) and color (brown) against Chief Hastings, for Hastings's role in ensuring that Pedregon was not selected for a promotion to the Patrol Agent in Charge position at USBP's Three Points Station in Tuscon, Arizona;

3. A retaliation claim against Chief Patrol Agent, New Orleans Sector, Gregory Bovino, based upon his alleged retaliation against Pedregon for the filing of her original complaint of discrimination in this matter, for Bovino's role in ensuring that Pedregon was not selected for a promotion to the Patrol Agent in Charge position at USBP's Three Points Station in Tuscon, Arizona; and,

1

4.    A disparate treatment claim based on Pedregon's sex (female), national origin (Hispanic) and color (brown) against CPA Bovino, for de facto demoting Pedregon to the position of Division Chief of Operational Programs, New Orleans Sector, after Pedregon's temporary assignment as Acting Deputy Chief Patrol Agent ended.

These claims are timely made because Pedregon learned of the potential retaliation and disparate treatment within the past 45 days.

The facts and circumstances supporting these claims, as currently understood by Pedregon, are described below.

## I.    Background – Pedregon Previously Applied for an Associate Chief Position at USBP Headquarters and Filed Her Original Complaint in This Matter

On November 30, 2018, Pedregon learned that she had not been selected for an open Associate Chief position that had been competitively advertised by USBP (job posting no. USBP-IMP-10288672-JRB).

Pedregon believed, based upon the surrounding facts and circumstances of the issue, that she had not been selected because of her sex (female), national origin (Hispanic), and color (brown).

Pedregon timely initiated the informal EEO counseling process on January 14, 2019. Informal EEO counseling was completed without resolving her complaint.  On April 10, 2019, Pedregon received her notice of right to file a discrimination complaint.  Ms. Pedgregon timely filed her Individual Complaint of Employment Discrimination in this matter on April 24, 2019, specifically asserting a claim for disparate treatment discrimination against the suspected decision-maker in the Associate Chief selection matter, Chief Brian Hastings at USBP HQ. Pedregon also asserted a claim for disparate impact discrimination based upon the same facts, alleging that some policy or custom, although facially neutral, had the systematic, disparate impact of promoting male, white, non-Hispanic candidates over others to leadership positions at the Associate Chief level.

## II.    Pedregon Applies for the Patrol Agent in Charge Position in Tuscon, Arizona

On March 8, 2019, just prior to the time when Pedregon filed her original complaint in this matter, Pedregon submitted an application on USAjobs.com for the position of Patrol Agent in Charge (GS-1896-14) at USBP's Three Points Station in Tucson, Arizona under job announcement USBP-IMP-10429075-HH.

Pedregon was selected to interview for the position, and did interview on April 25, 2019. The interview panel consisted of Division Chief Ronald Bellavia, Patrol Agent in Charge Sabri Dickman, and Patrol Agent in Charge Jack Jeffreys.

2

Pedregon was selected to participate in the second-round interview for the position. The second interview took place on May 3, 2019 and was conducted by Tucson Chief Patrol Agent (CPA) Roy Villareal.

During this second interview, CPA Villareal stated that Pedregon was one of two applicants that he was considering for the position. Prior to ending the conversation, CPA Villareal stated that he would make his recommendation by that afternoon.

Upon information and belief, and per standard operating procedures currently in use for such matters, CPA Villareal would have contacted USBP Headquarters prior to making his final selection for the PAIC position. The decision-maker for all GS-13 and GS-14 PAIC positions is the Chief of Law Enforcement Operations Directorate (LEOD), currently Brian Hastings. As indicated previously, in her original complaint filed in this matter, Pedregon specifically alleged that Chief Hastings was the de factor or actual decision-maker that discriminated against her in Pedregon's prior application for the Associate Chief position.

Upon information and belief, and specifically based on informal conversations that Pedregon had with other agency personnel around this time, CPA Villareal had intended to select Pedregon for the PAIC position.

### III.    Pedregon Learns She Is Not Selected for the PAIC Position

On June 11, 2019, Pedregon first received email notification that she had not been selected for the PAIC position.

Pedregon contacted Tuscon Sector to follow-up and was informally advised by those with direct knowledge of the matter that Pedregon had been recommended for the PAIC position, but that USBP Headquarters did not concur in the selection, and that the posting was cancelled without selecting a final candidate for the position.

Later, Pedregon had a feedback session with CPA Villareal and DC Ronald Bellavia, and both indicated that Pedregon had performed extremely well during the application process for the PAIC position.

Based upon the feedback Pedregon received, and in the context of Pedregon's prior complaint in this matter, complainant alleges that Chief Brian Hastings likely exerted influence over CPA Villareal's final decision in this hiring matter, such that Mr. Hastings discouraged or objected to Villareal's decision in retaliation against Pedregon for filing her original complaint of discrimination in this matter, and in further discrimination against Pedregon based on her sex, national origin, and color.

3

**IV.    Pedregon Learns Her Immediate Supervisor, Chief Patrol Agent Gregory Bovino, May Have Objected to Her Selection as PAIC, and Bovino Effectively Demotes Pedregon**

Pedregon attended a leadership conference between July 14 and July 19, 2019 in Washington D.C.  While at the conference, Pedregon learned from a trusted source that Division Chief Bellavia admitted that Pedregon's immediate supervisor at New Orleans Sector, Chief Patrol Agent Gregory Bovino, may not have given Pedregon a favorable recommendation when USBP HQ contacted him about Pedregon's potential promotion to the PAIC position in Tuscon.

By way of background, CPA Bovino only recently began leadership of Border Patrol's New Orleans Sector in approximately July 2018.  Although Bovino had never counseled or disciplined Pedregon for any reason, he had taken to incrementally reducing Pedregon's tasks and responsibilities compared to those normally assigned to an Acting Deputy Chief Patrol Agent.  Nevertheless, Bovino's feedback to Pedregon about her job performance has always been positive, and until just recently Pedregon had no firm reason to believe that Bovino held any animus against her.

However, on July 18, 2019, approximately the same time Pedregon learned that Bovino may not have given her a favorable recommendation regarding her prior application for the PAIC position in Tuscon, Bovino emailed all relevant staff at New Orleans Sector and indicated that, effective immediately, Pedregon no longer held the position of Acting Deputy Patrol Agent, and that Bovino had instead named USBP employee Michael Harrison (male, white, non-Hispanic) as the permanent Deputy Chief Patrol Agent of the New Orleans Sector.

In that same email, Bovino also reassigned Pedregon to the position of Division Chief of Operational Programs.  Prior to Pedregon accepting the temporary assignment to Acting DCPA, she had occupied the position of Division Chief of Operations at New Orleans Sector. Pedregon's reassignment to the position of Division Chief of Operational Programs constituted a de facto demotion in terms of leadership responsibility and promotion opportunity compared to her prior assignment as the Division Chief of Operations.

Prior to Bovino's email on July 18, Bovino had not given Pedregon any prior notice of these personnel changes.  Regardless, these changes meant that Pedregon now has significantly less responsibility and supervision at New Orleans Sector, and now occupies a less desirable position than prior to when she had been temporarily promoted to the Acting DCPA position.

Relatedly, Pedregon's spouse is also an employee of U.S. Border Patrol and is also assigned to the New Orleans Sector under the supervision of the Division Chief of Operational Programs – i.e., the position that Pedregon now occupies.  To the best of Pedregon's understanding, USBP leadership is taking steps to ensure that Pedregon does not actually supervise her spouse, and yet the fact remains that Bovino reassigned Pedregon to a position that, organizationally, does supervise her spouse's position.

4

Bovino's discretion in these personnel job changes is both unexpected and inexplicable given the surrounding facts and circumstances of Pedregon's excellent job performance and track record of success at New Orleans Sector.

Likewise, Bovino's decisions occurred only three months after Pedregon filed her original complaint of discrimination in this matter, in which Pedregon alleged that her non-selection to the Associate Chief position at USBP HQ was discriminatory, and apparently only about three months after Bovino reported a negative recommendation for Pedregon's promotion to the position of PAIC in Tuscon (ostensibly to Chief Brian Hastings).

Ultimately, Bovino has now replaced Pedregon as Acting Deputy Chief Patrol Agent with Michael Harrison, a white, non-Hispanic male outside of Pedregon's protected class, and de facto demoted Pedregon from her prior position of Division Chief of Operations to Division Chief of Operational Programs without any substantive explanation or rationale.

## V.    Conclusion

Upon information and belief, and based upon the facts and circumstances as Pedregon understands them described above, complainant hereby amends her original Individual Complaint of Employment Discrimination to add related claims of (1) retaliation against Chief of Law Enforcement Operations Directorate Brian Hastings; (2) disparate treatment discrimination against Chief Brian Hastings; (3) retaliation against Chief Patrol Agent Gregory Bovino; and (4) disparate treatment discrimination against CPA Bovino.

Please do not hesitate to contact my office for any reason regarding this amendment.

Respectfully submitted:

/s/ Kevin S. Vogeltanz
Kevin S. Vogeltanz, TA (Bar #32746)
The Law Office of Kevin S. Vogeltanz, LLC
823 Carroll Street, Suite A
Mandeville, LA 70448
Telephone:  (504) 275-5149
Facsimile:  (504) 910-1704
Email: vogeltanz@gmail.com

*Attorney for complainant Teresa Pedregon*

Cc:    Danielle N. Davidson (via email only: danielle.n.davidson@cbp.dhs.gov)

5

| | |
|---|---|
| **From:** | Kevin Vogeltanz |
| **To:** | CBP EEO COMPLAINT FILING |
| **Cc:** | DAVIDSON, DANIELLE; PEDREGON, TERESA (NLL) |
| **Subject:** | In re: Pedregon v. McAleenan; Complaint No. HS-CBP-00701-2019; Second Amendment to Individual Complaint of Employment Discrimination |
| **Date:** | Tuesday, August 27, 2019 10:23:57 AM |
| **Attachments:** | [Pedregon] ltr 2019.8.27 Vogeltanz to DHS re Second Amendment to Complaint.pdf |

To whom it may concern:

On behalf of my client, complainant Teresa Pedregon, in the subject-line referenced matter, I have attached to this email complainant's Second Amendment to her original Individual Complaint of Employment Discrimination in this matter.

As fully described on the merits in the attached letter-amendment, complainant amends her complaint to add the following, related claims against the following individuals:

1. Additional retaliation claims against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings;

2. Additional disparate treatment claims against Chief Hastings;

3. Additional retaliation claims against Chief Patrol Agent, New Orleans Sector, Gregory Bovino; and,

4. Additional disparate treatment claims against CPA Bovino.

Thank you for processing Ms. Pedregon's second amendment in this matter.

Please do not hesitate to contact my office for any reason relating to this amendment.

Best,

Kevin

--
The Law Office of Kevin S. Vogeltanz, LLC
Employment & Discrimination Litigation
email:  vogeltanz@gmail.com
voice/text:  504.275.5149
efax: 504.910.1704
physical:  823 Carroll Street, Suite A | Mandeville, LA 70448

*This message (and any attachments) may be a privileged and confidential communication to one of my clients. If you are not the intended recipient, please email or contact me immediately, then please delete this misdirected email. Thanks very much in advance.

# THE LAW OFFICE OF KEVIN S. VOGELTANZ, LLC

Employment Law & Litigation
vogeltanz@gmail.com | office: 504.275.5149 | fax: 504.910.1704
823 Carroll Street, Suite A / Mandeville, LA 70448

August 27, 2019

U.S. Customs and Border Protection                                    **Via Email**
Privacy and Diversity Office
Diversity and EEO Division
1300 Pennsylvania Avenue, NW
Room 3.3D, Mailstop #1019
Washington, D.C. 20229
Telephone: (202) 344-1610
**cbpeeocomplaintfiling@cbp.dhs.gov**

> **In re:  Pedregon v. McAleenan, Acting Secretary USDHS**
> Complaint No. HS-CBP-00701-2019
> Second Amendment to Complaint to Assert Related Claim

To whom it may concern:

Pursuant to 20 C.F.R. § 1614.106(d), complainant Teresa Pedregon hereby amends her subject-line referenced Individual Complaint of Employment Discrimination, filed with your office on April 24, 2019, for the purpose of adding the following, related claims against the following individuals:

1.  An additional retaliation claim against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings, based upon his alleged retaliation against Pedregon for the filing of her original complaint of discrimination in this matter, for Hastings's role in ensuring that Pedregon was not selected for the following promotions:

    (a)  to a position of Associate Chief at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10422166-XYA, of which Ms. Pedregon received official notice of non-selection on July 26, 2019;

    (b)  to a position of Deputy Chief Patrol Agent at New Orleans Sector in New Orleans, LA, relevant to USAJobs.com posting USBP-IMP-10386844-CJH, of which Ms. Pedregon received official notice of non-selection on May 17, 2019; and,

    (c)  to a position of Patrol Agent in Charge at Willcox Station in Willcox, AZ, relevant to USAJobs.com USBP-IMP-10510255-HH, of which Ms. Pedregon received official notice of non-selection on August 23, 2019.

1

2.    An additional disparate treatment claim based on Pedregon's sex (female), national origin (Hispanic) and color (brown) against Chief Hastings, for Hastings's role in ensuring that Pedregon was not selected for the following promotions:

    (a)    to a position of Associate Chief at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10422166-XYA, of which Ms. Pedregon received official notice of non-selection on July 26, 2019;

    (b)    to a position of Deputy Chief Patrol Agent at New Orleans Sector in New Orleans, LA, relevant to USAJobs.com posting USBP-IMP-10386844-CJH, of which Ms. Pedregon received official notice of non-selection on May 17, 2019; and,

    (c)    to a position of Patrol Agent in Charge at Willcox Station in Willcox, AZ, relevant to USAJobs.com USBP-IMP-10510255-HH, of which Ms. Pedregon received official notice of non-selection on August 23, 2019.

3.    An additional retaliation claim against Chief Patrol Agent, New Orleans Sector, Gregory Bovino, based upon his alleged retaliation against Pedregon for the filing of her original complaint of discrimination in this matter, for Bovino's role in ensuring that Pedregon was not selected for the following promotions:

    (a)    to a position of Associate Chief at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10422166-XYA, of which Ms. Pedregon received official notice of non-selection on July 26, 2019;

    (b)    to a position of Deputy Chief Patrol Agent at New Orleans Sector in New Orleans, LA, relevant to USAJobs.com posting USBP-IMP-10386844-CJH, of which Ms. Pedregon received official notice of non-selection on May 17, 2019; and,

    (c)    to a position of Patrol Agent in Charge at Willcox Station in Willcox, AZ, relevant to USAJobs.com USBP-IMP-10510255-HH, of which Ms. Pedregon received official notice of non-selection on August 23, 2019.

4.    An additional disparate treatment claim based on Pedregon's sex (female), national origin (Hispanic) and color (brown) against CPA Bovino, for Bovino's role in ensuring that Pedregon was not selected for the following promotions:

    (a)    to a position of Associate Chief at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10422166-XYA, of which Ms. Pedregon received official notice of non-selection on July 26, 2019;

2

(b)    to a position of Deputy Chief Patrol Agent at New Orleans Sector in New Orleans, LA, relevant to USAJobs.com posting USBP-IMP-10386844-CJH, of which Ms. Pedregon received official notice of non-selection on May 17, 2019; and,

(c)    to a position of Patrol Agent in Charge at Willcox Station in Willcox, AZ, relevant to USAJobs.com USBP-IMP-10510255-HH, of which Ms. Pedregon received official notice of non-selection on August 23, 2019.

These claims are timely made because either Pedregon has reported them within 45 days of the effective personnel date at issue; or within 45 days of the first instance that Pedregon knew or should have known of the alleged discrimination or retaliation at issue; or because the particular acts of retaliation are directly related to Pedregon's first complaint of discrimination and retaliation in this matter, first filed on April 24, 2019.

The facts and circumstances supporting these claims, as currently understood by Pedregon, are described below.

## I.    Background – Pedregon Previously Applied for an Associate Chief Position at USBP Headquarters and Filed Her Original Complaint in This Matter

On November 30, 2018, Pedregon learned that she had not been selected for an open Associate Chief position that had been competitively advertised by USBP (job posting no. USBP-IMP-10288672-JRB).

Pedregon believed, based upon the surrounding facts and circumstances of the issue, that she had not been selected because of her sex (female), national origin (Hispanic), and color (brown).

Pedregon timely initiated the informal EEO counseling process on January 14, 2019. Informal EEO counseling was completed without resolving her complaint. On April 10, 2019, Pedregon received her notice of right to file a discrimination complaint. Ms. Pedgregon timely filed her Individual Complaint of Employment Discrimination in this matter on April 24, 2019, specifically asserting a claim for disparate treatment discrimination against the suspected decision-maker in the Associate Chief selection matter, Chief Brian Hastings at USBP HQ. Pedregon also asserted a claim for disparate impact discrimination based upon the same facts, alleging that some policy or custom, although facially neutral, had the systematic, disparate impact of promoting male, white, non-Hispanic candidates over others to leadership positions at the Associate Chief level.

## II.    Pedregon Applies but Is Rejected for Three Separate Promotions, Each of Which She Is Clearly Qualified For

Pedregon has since applied for three promotions, each of which she is demonstrably qualified. Those position were:

(a)    Associate Chief at USBP Headquarters in Washington, DC (job posting number USBP-IMP-10422166-XYA);

(b)    Deputy Chief Patrol Agent at New Orleans Sector in New Orleans, LA (job posting number USBP-IMP-10386844-CJH); and,

(c)    Patrol Agent in Charge at Willcox Station in Willcox, AZ, (job posting number USBP-IMP-10510255-HH).

Pedregon applied for each position either after she first made EEO contact in this case on January 14, 2019.  Pedregon received her official notice of non-selection for each position after filing her formal complaint of discrimination in this matter on April 24, 2019.

Upon information and belief, the candidate apparently selected for the Associate Chief position was Robert Danley, a white, non-Hispanic male who presumably has no prior EEO activity.

The candidate selected for the DCPA position was Michael Harrison, a white, non-Hispanic male, who presumably has no prior EEO activity.

The the candidate apparently selected for the PAIC position was Alexander Blais, a white, non-Hispanic male, who presumably has no prior EEO activity.

Upon information and belief, Both Chief Hastings and CPA Bovino either directly selected a candidate other than Pedregon, or provided negative recommendations against Pedregon's selection, for the purpose of retaliating against Pedregon and ensuring that she was not selected because of her sex, color, and national origin as previously described in Pedregon's original complaint of discrimination and First Amended Complaint previously filed in this case.

### III.    Pedregon Learns Her Immediate Supervisor, Chief Patrol Agent Gregory Bovino, May Hold Retaliatory and Discriminatory Animus Against Her

Pedregon attended a leadership conference between July 14 and July 19, 2019 in Washington D.C.  While at the conference, Pedregon learned from a trusted source that Pedregon's immediate supervisor at New Orleans Sector, Chief Patrol Agent Gregory Bovino, may not have given Pedregon a favorable recommendation when USBP HQ contacted him about Pedregon's potential promotion to a prior application for the PAIC position in Tuscon (the facts of which were the subject of Pedregon's First Amended Complaint in this matter).

By way of background, CPA Bovino only recently began leadership of Border Patrol's New Orleans Sector in approximately July 2018.  Although Bovino had never counseled or disciplined Pedregon for any reason, he had taken to incrementally reducing Pedregon's tasks and responsibilities compared to those normally assigned to an Acting Deputy Chief Patrol Agent. Nevertheless, Bovino's feedback to Pedregon about her job performance has always been positive, and until just recently Pedregon had no firm reason to believe that Bovino held any animus against her.

4

Likewise, on July 18, 2019, approximately the same time Pedregon learned that Bovino may not have given her a favorable recommendation regarding her prior application for the PAIC position in Tuscon, Bovino emailed all relevant staff at New Orleans Sector and indicated he was re-assigning Pedregon to the position of Division Chief of Operational Programs given that Michael Harrison (white, non-Hispanic male) was assuming the permanent position of Deputy Chief Patrol Agent of New Orleans Sector effective July 21, 2019.

Prior to Pedregon accepting the temporary assignment to Acting DCPA, she had occupied the position of Division Chief of Operations at New Orleans Sector. Pedregon's reassignment to the position of Division Chief of Operational Programs constituted a de facto demotion in terms of leadership responsibility and promotion opportunity compared to her prior assignment as the Division Chief of Operations.

Prior to Bovino's email on July 18, 2019 Bovino had not given Pedregon any prior notice of these personnel changes. Regardless, these changes meant that Pedregon now has significantly less responsibility and supervision at New Orleans Sector, and now occupies a less desirable position than prior to when she had been temporarily promoted to the Acting DCPA position.

Thus, the earliest indication that Pedregon had of Bovino's potential retaliatory and discriminatory animus towards her was July 14, 2019 at her leadership conference, and then again on July 18, 2019 upon receipt of her email demoting her position.

## IV.    Pedregon's Second Amendment Is Timely

Whether a federal complainant timely complains of unlawful retaliation or discrimination is governed by 29 CFR § 1614.105(a)(1), which provides that "[a]n aggrieved person must initiate contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory **or, in the case of personnel action, within 45 days of the effective date of the action.**" (emphasis added).

Here, Ms. Pedregon received notice of her non-selection for the Associate Chief position on July 26, 2019; and received her non-selection notice for the position of Patrol Agent In Charge on August 23, 2019. Pedregon has thus timely made contact regarding these adverse employment actions within 45 days of her official notice.

Regarding Pedregon's non-selection for the position of Deputy Chief Patrol Agent, Pedregon's amendment including this adverse employment action is timely for three distinct reasons: (1) Section 1614.105(a)(2) provides that an EEO complaint is timely made within 45-days of when the complaint first knew or should have known of the alleged discrimination and retaliation, which is the case here; (2) in the specific case of non-selection for a position or promotion, the 45-day clock to initiate EEO contact does not begin to run until the effective start date of the comparator's first day in the newly promoted position, which in this case is Michael Harrison's first day as Deputy Chief Patrol Agent on July 21, 2019; and (3) in cases of retaliation predicated on a complainant's prior EEO charge of discrimination, the subsequent retaliation is per se within the ambit of the original charge even without formal amendment, and that is the nature of Pedregon's retaliation complaint against Chief Hastings and CPA Bovino here.

5

A. **Pedregon's Complaint Regarding her Non-Selection for DCPA Is Made within 45-Days of the First Time She Knew or Should Have Known of Potential Discrimination or Retaliation**

First, notwithstanding Section 1614.105(a)(1), subsection (a)(2) provides that contact beyond 45 days of the personnel action is timely if the complainant "did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred[.]" Here, as alleged both above and in Pedregon's First Amended Complaint in this matter, Pedregon had no reason to suspect that Bovino held any animus against Pedregon given his otherwise favorable remarks to her until at the earliest July 14, 2019 at her leadership conference, and then on July 18, 2019 upon receipt of Bovino's email demoting Pedregon. Under Section 1614.105(a)(2), Pedregon has initiated contact regarding her non-selection to the DCPA position within 45 days of the date she first knew or should have known of the discriminatory and retaliatory conduct.

B. **Pedregon's Complaint Regarding her Non-Selection for DCPA Is Made within 45-Days of the Effective Start Date of Her Comparator in the DCPA Position**

Second, although this appears to be an issue of first impression in the Fifth Circuit, other federal circuit courts have held that the 45-day clock to initiate contact with EEO regarding the non-selection for a position or promotion begins to run ***on the effective start date of the selected candidate's newly hired or promoted position.*** *See e.g.*, *Jakubiak v. Perry*, 101 F.3d 23, 26–27 (4th Cir. 1996).

In Jukubiak, a federal employee complained that he was not selected for a promotion. Jukabiak later learned that he was likely not selected because of management's discriminatory animus. Jukubiak initiated contact later than 45-days after the effective date of his comparator's newly promoted position, which the Fourth Circuit held was beyond the deadline provided by Section 1614.105(a)(1), because the statute "expressly distinguishes cases involving personnel actions from other cases involving allegations of discrimination," and that when a "case involves an allegedly discriminatory personnel action . . . the regulation explicitly provides that the 45–day clock runs from the effective date of the action." *Id.* at 26-27.

In this case, the effective start date of Pedregon's comparator who assumed the permanent position of Deputy Chief Patrol Agent, Michael Harrison, was on or about July 21, 2019. Under the Fourth Circuit's interpretation of Section 1614.105 in *Jukubiak*, Pedregon's 45-day clock to initiate contact regarding her adverse employment action began to run on July 21, 2019. Pedregon's amendment here is therefore timely.

C. **Pedregon's Retaliation Claim Regarding Her Non-Selection for DCPA Is Per Se Within the Ambit of Her Original Complaint of Discrimination in This Matter Because the Retaliation Is Predicated upon That Original Complaint**

Third, and finally, to the extent that Pedregon's amended complaint against both Chief Hasitngs and CPA Bovino regarding her non-selection to the DCPA position is at least partly retaliatory in nature, it is well settled that management's subsequent retaliation for an employee's filing of a protected complaint of discrimination is per se included within the ambit of the original

charge, even without formal, subsequent amendment.  Here, Pedregon alleges that at least one reason why Chief Hastings and/or CPA Bovino ensured that she was not selected for the DCPA position was because of her prior EEO complaint in this case.  Accordingly, even without formal amendment, CHP has jurisdiction to investigate the retaliation claim.

## V.  Conclusion

For these reasons, complainant Teresa Pedregon amends her original complaint of discrimination to include related claims of discrimination and retaliation against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings and Chief Patrol Agent Gregory Bovino as described above.

Please do not hesitate to contact my office for any reason regarding this amendment.

Respectfully submitted:

/s/ Kevin S. Vogeltanz
Kevin S. Vogeltanz, TA (Bar #32746)
The Law Office of Kevin S. Vogeltanz, LLC
823 Carroll Street, Suite A
Mandeville, LA 70448
Telephone:  (504) 275-5149
Facsimile:  (504) 910-1704
Email: vogeltanz@gmail.com

*Attorney for complainant Teresa Pedregon*

Cc:    Danielle N. Davidson (via email only: danielle.n.davidson@cbp.dhs.gov)

7

# Section 3-G

| | |
|---|---|
| **From:** | Kevin Vogeltanz |
| **To:** | CBP EEO COMPLAINT FILING |
| **Cc:** | DAVIDSON, DANIELLE; PEDREGON, TERESA (NLL) |
| **Subject:** | In re: Pedregon v. McAleenan; Complaint No. HS-CBP-00701-2019; Third Amendment to Individual Complaint of Employment Discrimination |
| **Date:** | Friday, October 18, 2019 1:04:58 PM |
| **Attachments:** | [Pedregon] ltr 2019.10.18 Vogeltanz to DHS re Third Amendment to Complaint.pdf |

To whom it may concern:

On behalf of my client, complainant Teresa Pedregon, in the subject-line referenced matter, I have attached to this email complainant's Third Amendment to her original Individual Complaint of Employment Discrimination in this matter.

As fully described on the merits in the attached letter-amendment, complainant amends her complaint to add the following, related claims against the following individuals:

1. Additional retaliation claims against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings;

2. Additional disparate treatment claims against Chief Hastings;

3. Additional retaliation claims against Chief Patrol Agent, New Orleans Sector, Gregory Bovino;

4. Additional disparate treatment claims against CPA Bovino; and,

5. To the extent required to properly preserve the claim, additional disparate impact claims against USBP via the actions of Chief Hastings and CPA Bovino.

Thank you for processing Ms. Pedregon's second amendment in this matter.

Please do not hesitate to contact my office for any reason relating to this amendment.

Best,

Kevin

--
The Law Office of Kevin S. Vogeltanz, LLC
Employment & Discrimination Litigation
email:  vogeltanz@gmail.com
voice/text:  504.275.5149
efax:  504.910.1704
physical:  823 Carroll Street, Suite A | Mandeville, LA 70448

*This message (and any attachments) may be a privileged and confidential communication to one of my clients. If you are not the intended recipient, please email or contact me immediately, then please delete this misdirected email. Thanks very much in advance.

# THE LAW OFFICE OF KEVIN S. VOGELTANZ, LLC

Employment Law & Litigation
vogeltanz@gmail.com | office: 504.275.5149 | fax: 504.910.1704
823 Carroll Street, Suite A / Mandeville, LA 70448

October 18, 2019

U.S. Customs and Border Protection                                                      **Via Email**
Privacy and Diversity Office
Diversity and EEO Division
1300 Pennsylvania Avenue, NW
Room 3.3D, Mailstop #1019
Washington, D.C. 20229
Telephone: (202) 344-1610
**cbpeeocomplaintfiling@cbp.dhs.gov**

> **In re:  Pedregon v. McAleenan, Acting Secretary USDHS**
> Complaint No. HS-CBP-00701-2019
> Third Amendment to Complaint to Assert Related Claim

To whom it may concern:

Pursuant to 20 C.F.R. § 1614.106(d), complainant Teresa Pedregon hereby amends her subject-line referenced Individual Complaint of Employment Discrimination, filed with your office on April 24, 2019, for the purpose of adding the following, related claims against the following individuals:

1.   An additional retaliation claim against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings, based upon his alleged retaliation against Pedregon for the filing of her original complaint of discrimination in this matter, for Hastings's role in ensuring that Pedregon was not selected for the following promotions:

     (a)   to the position of Patrol Agent in Charge at USBP's Tuscon Station in Tuscon, Arizona, relevant to USAJobs.com job posting USBP-IMP-10532623-HH, of which Ms. Pedregon received official notice of non-selection on September 3, 2019; and,

     (b)   to the position of Associate Chief at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10577328-XYA, of which Ms. Pedregon received official notice of non-selection on October 1, 2019.

1

2.    An additional disparate treatment claim based on Pedregon's sex (female), national origin (Hispanic) and color (brown) against Chief Hastings, for Hastings's role in ensuring that Pedregon was not selected for the following promotions:

(a)    to the position of Patrol Agent in Charge at USBP's Tuscon Station in Tuscon, Arizona, relevant to USAJobs.com job posting USBP-IMP-10532623-HH, of which Ms. Pedregon received official notice of non-selection on September 3, 2019; and,

(b)    to the position of Associate Chief at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10577328-XYA, of which Ms. Pedregon received official notice of non-selection on October 1, 2019.

3.    An additional retaliation claim against Chief Patrol Agent, New Orleans Sector, Gregory Bovino, based upon his alleged retaliation against Pedregon for the filing of her original complaint of discrimination in this matter, for Bovino's role in ensuring that Pedregon was not selected for the following promotions:

(a)    to the position of Patrol Agent in Charge at USBP's Tuscon Station in Tuscon, Arizona, relevant to USAJobs.com job posting USBP-IMP-10532623-HH, of which Ms. Pedregon received official notice of non-selection on September 3, 2019; and,

(b)    to the position of Associate Chief at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10577328-XYA, of which Ms. Pedregon received official notice of non-selection on October 1, 2019.

4.    An additional disparate treatment claim based on Pedregon's sex (female), national origin (Hispanic) and color (brown) against CPA Bovino, for Bovino's role in ensuring that Pedregon was not selected for the following promotions:

(a)    to the position of Patrol Agent in Charge at USBP's Tuscon Station in Tuscon, Arizona, relevant to USAJobs.com job posting USBP-IMP-10532623-HH, of which Ms. Pedregon received official notice of non-selection on September 3, 2019; and,

(b)    to the position of Associate Chief at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10577328-XYA, of which Ms. Pedregon received official notice of non-selection on October 1, 2019.

2

5.      An additional disparate impact claim based on Pedregon's sex (female), national origin (Hispanic), and color (brown) based on some presently unknown policy, custom, or practice within USBP that discourages or prohibits the promotion of any candidate to the rank of GS-15 or higher unless that candidate is a white, non-Hispanic, male; or prohibits such promotion when the candidate has previously engaged in protected EEO activity; relative to Pedregon's non-selection for the following promotions:

(a)      to the position of Patrol Agent in Charge at USBP's Tuscon Station in Tuscon, Arizona, relevant to USAJobs.com job posting USBP-IMP-10532623-HH, of which Ms. Pedregon received official notice of non-selection on September 3, 2019; and,

(b)      to the position of Associate Chief at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10577328-XYA, of which Ms. Pedregon received official notice of non-selection on October 1, 2019.

These claims are timely made because either Pedregon has reported them within 45 days of the effective personnel date at issue; or within 45 days of the first instance that Pedregon knew or should have known of her non-selection for the promotion in question; or because the particular acts of retaliation are directly related to Pedregon's first complaint of discrimination and retaliation in this matter, first filed on April 24, 2019.

The facts and circumstances supporting these claims, as currently understood by Pedregon, are described below.

**I.      Background – Pedregon Previously Applied for an Associate Chief Position at USBP Headquarters and Filed Her Original Complaint in This Matter**

On November 30, 2018, Pedregon learned that she had not been selected for an open Associate Chief position that had been competitively advertised by USBP (job posting no. USBP-IMP-10288672-JRB).

Pedregon believed, based upon the surrounding facts and circumstances of the issue, that she had not been selected because of her sex (female), national origin (Hispanic), and color (brown).

Pedregon timely initiated the informal EEO counseling process on January 14, 2019. Informal EEO counseling was completed without resolving her complaint. On April 10, 2019, Pedregon received her notice of right to file a discrimination complaint. Ms. Pedgregon timely filed her Individual Complaint of Employment Discrimination in this matter on April 24, 2019, specifically asserting a claim for disparate treatment discrimination against the suspected decision-maker in the Associate Chief selection matter, Chief Brian Hastings at USBP HQ. Pedregon also asserted a claim for disparate impact discrimination based upon the same facts, alleging that some policy or custom, although facially neutral, had the systematic, disparate impact of promoting

3

male, white, non-Hispanic candidates over others to leadership positions at the Associate Chief level.

Later, on July 25, 2019 and again on August 27, 2019, Pedregon filed amended complaints asserting identical theories of retaliation and status-based disparate treatment discrimination against her immediate supervisor, Chief Patrol Agent Gregory Bovino (white, non-Hispanic, male).

The essence of Pedregon's claims is that, first, there is a cultural and organizational "glass ceiling" at USBP that prevents – whether as a product of disparate treatment, disparate impact, or both – the promotion of any candidate who is not a white, non-Hispanic man to leadership positions at the GS-15 level or above, specifically including the ranks of Associate Chief, Chief Patrol Agent, Deputy Chief Patrol Agent, and Patrol Agent in Charge relative to very large or prestigious Sectors and Stations.

Second, Pedregon claims systemic retaliation against her both from within USBP's Washington D.C. headquarters and from her immediate supervisor, CPA Bovino.

Ultimately, Pedregon alleges that she has been systematically denied promotions as detailed in her original and amending EEO complaints directly because of her national origin, sex, color, and the retaliatory animus of her chain of command.

## II.    Pedregon Applies but Is Rejected for Two Separate Promotions, Each of Which She Is Clearly Qualified

Pedregon has recently applied for two promotions, each of which she is demonstrably qualified.  Those position were:

(a)    Patrol Agent in Charge at USBP's Three Points Station in Tuscon, Arizona (job posting USBP-IMP-10532623-HH); and,

(b)    Associate Chief at USBP Headquarters in Washington, DC, (job posting USBP-IMP-10577328-XYA).

Pedregon applied for each position either after she first made EEO contact in this case on January 14, 2019.  Pedregon received her official notice of non-selection for each position after filing her formal complaint of discrimination in this matter on April 24, 2019; her first amended complaint on July 25, 2019; and her second amended complaint on August 27, 2019.

Upon information and belief, the candidate apparently selected for the PAIC position in Tuscon was Steven Adkison, a white, non-Hispanic, male who presumably has no prior EEO activity.  Importantly, Pedregon previously alleged that Adkinson was selected for the original Associate Chief position that Pedregon initially filed her original EEO complaint concerning, despite the fact that Pedregon was objectively more qualified than Adkinson, and despite the fact that Pedregon has previously supervised Adkinson prior to his recent promotions.  Pedregon alleges that she is demonstrably more qualified for the PAIC position than Mr. Adkinson, but was

4

not selected for promotion in retaliation for her prior, protected EEO activity, and because of her national origin, sex, and color.

Upon information and belief, the candidates apparently selected for the Associate Chief positions were Matthew Sherman and Adrian Cotsworth, both white, non-Hispanic males who presumably has no prior EEO activity. Pedregon alleges that she is demonstrably more qualified than either comparator, but was not selected for promotion in retaliation for her prior, protected EEO activity, and because of her national origin, sex, and color.

Upon information and belief, Both Chief Hastings and CPA Bovino either directly selected a candidate other than Pedregon for these positions, or provided negative recommendations against Pedregon's selection, for the purpose of retaliating against Pedregon and ensuring that she was not selected because of her sex, color, and national origin as previously described in Pedregon's original complaint of discrimination and first and second amended complaints previously filed in this case. Additionally or alternatively, Pedregon asserts that some presently unknown policy, procedure, or custom within USBP leadership disparately impacts candidates who are not white, non-Hispanic, men, or have prior protected EEO activity, men such that those minority candidates are systematically denied promotion opportunities to the grade GS-15 and above.

### III. USBP's Discrimination and Retaliation Is Systemic and Either Designed or Has the Practical Effect of Completely Denying Leadership Promotions to All Candidates Except for White, non-Hispanic, Men.

Likewise, Pedregon asserts that both Hastings, Bovino, and USBP's leadership structure essentially and purposefully restricts minority candidates, specifically including Pedregon in this EEO matter, from promotion to critical intermediate leadership positions like Associate Chief and Deputy Chief Patrol Agent to then use the fact that the minority candidate lacks these work experiences to further discriminate against the candidates for promotion to senior leadership positions like Chief Patrol Agent and Patrol Agent in Charge of very large or prestigious sectors and stations. In this sense, whether because of purposefully designed disparate treatment, or as a product of a disparately impacting policy, custom, or procedure, the fact remains that USBP's current, senior leadership structure appears wholly segregated based on race, sex, color, and national origin.

### IV. Conclusion

For these reasons, complainant Teresa Pedregon amends her original complaint of discrimination to include related claims of disparate treatment and retaliation against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings and Chief Patrol Agent Gregory Bovino as described above, and to include related claims of disparate impact discrimination and retaliation as described above.

Please do not hesitate to contact my office for any reason regarding this amendment.

6

Respectfully submitted:

/s/ Kevin S. Vogeltanz
Kevin S. Vogeltanz, TA (Bar #32746)
The Law Office of Kevin S. Vogeltanz, LLC
823 Carroll Street, Suite A
Mandeville, LA 70448
Telephone:  (504) 275-5149
Facsimile:  (504) 910-1704
Email: vogeltanz@gmail.com

*Attorney for complainant Teresa Pedregon*

Cc:    Danielle N. Davidson (via email only: danielle.n.davidson@cbp.dhs.gov)

6

**RECEIVED**
**By Hoppe at 7:16 pm, Dec 01, 2019**

| | |
|---|---|
| **From:** | Kevin Vogeltanz |
| **To:** | CBP EEO COMPLAINT FILING |
| **Cc:** | HOPPE, MEGAN M; DAVIDSON, DANIELLE; PEDREGON, TERESA (NLL) |
| **Subject:** | In re: Pedregon v. McAleenan; Complaint No. HS-CBP-00701-2019; Fourth Amendment to Individual Complaint of Employment Discrimination |
| **Date:** | Friday, November 29, 2019 9:30:20 PM |
| **Attachments:** | [Pedregon] ltr 2019.11.29 Vogeltanz to DHS re Fourth Amendment to Complaint.pdf |

Sent via email on
November 29, 2019

To whom it may concern:

On behalf of my client, complainant Teresa Pedregon, in the subject-line referenced matter, I have attached to this email complainant's Fourth Amendment to her original Individual Complaint of Employment Discrimination in this matter.

As fully described on the merits in the attached letter-amendment, complainant amends her complaint to add the following, related claims against the following individuals:

1. Additional retaliation claims against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings;

2. Additional disparate treatment claims against Chief Hastings;

3. Additional retaliation claims against Chief Patrol Agent, New Orleans Sector, Gregory Bovino;

4. Additional disparate treatment claims against CPA Bovino; and,

5. To the extent required to properly preserve the claim, additional disparate impact claims against USBP via the actions of Chief Hastings and CPA Bovino.

Thank you for processing Ms. Pedregon's fourth amendment in this matter.

Please do not hesitate to contact my office for any reason relating to this amendment.

Best,

Kevin

--
The Law Office of Kevin S. Vogeltanz, LLC
Employment & Discrimination Litigation
email:  vogeltanz@gmail.com
voice/text:  504.275.5149
efax:  504.910.1704
physical:  823 Carroll Street, Suite A | Mandeville, LA 70448

*This message (and any attachments) may be a privileged and confidential communication to one of my clients. If you are not the intended recipient, please email or contact me immediately, then please delete this misdirected email. Thanks very much in advance.

# THE LAW OFFICE OF KEVIN S. VOGELTANZ, LLC

Employment Law & Litigation
vogeltanz@gmail.com | office: 504.275.5149 | fax: 504.910.1704
823 Carroll Street, Suite A / Mandeville, LA 70448

November 29, 2019

U.S. Customs and Border Protection                                              **Via Email**
Privacy and Diversity Office
Diversity and EEO Division
1300 Pennsylvania Avenue, NW
Room 3.3D, Mailstop #1019
Washington, D.C. 20229
Telephone: (202) 344-1610
**cbpeeocomplaintfiling@cbp.dhs.gov**

> **In re:  Pedregon v. McAleenan, Acting Secretary USDHS**
> Complaint No. HS-CBP-00701-2019
> Fourth Amendment to Complaint to Assert Related Claim

To whom it may concern:

Pursuant to 20 C.F.R. § 1614.106(d), complainant Teresa Pedregon hereby amends her subject-line referenced Individual Complaint of Employment Discrimination, filed with your office on April 24, 2019, for the purpose of adding the following, related claims against the following individuals:

1.  An additional retaliation claim against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings, based upon his alleged retaliation against Pedregon for the filing of her original complaint of discrimination in this matter, for Hastings's role in ensuring that Pedregon was not selected for the following promotions or lateral positions:

    (a)  to the lateral position of Patrol Agent in Charge (GS-1896-14) at USBP's Sonoita Station, Sonoita, Arizona, Tucson Sector, relevant to Ms. Pedregon's formal request for lateral transfer dated July 25, 2019, and for which Ms. Pedregon first received notice of non-selection on October 25, 2019; and,

    (b)  to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10551136-KJK, of which Ms. Pedregon received official notice of non-selection on October 15, 2019.

1

2.   An additional disparate treatment claim based on Pedregon's sex (female), national origin (Hispanic) and color (brown) against Chief Hastings, for Hastings's role in ensuring that Pedregon was not selected for the following promotions:

   (a)   to the lateral position of Patrol Agent in Charge (GS-1896-14) at USBP's Sonoita Station, Sonoita, Arizona, Tucson Sector, relevant to Ms. Pedregon's formal request for lateral transfer dated July 25, 2019, and for which Ms. Pedregon first received notice of non-selection on October 25, 2019; and,

   (b)   to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10551136-KJK, of which Ms. Pedregon received official notice of non-selection on October 15, 2019.

3.   An additional retaliation claim against Chief Patrol Agent, New Orleans Sector, Gregory Bovino, based upon his alleged retaliation against Pedregon for the filing of her original complaint of discrimination in this matter, for Bovino's role in ensuring that Pedregon was not selected for the following promotions:

   (a)   to the lateral position of Patrol Agent in Charge (GS-1896-14) at USBP's Sonoita Station, Sonoita, Arizona, Tucson Sector, relevant to Ms. Pedregon's formal request for lateral transfer dated July 25, 2019, and for which Ms. Pedregon first received notice of non-selection on October 25, 2019; and,

   (b)   to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10551136-KJK, of which Ms. Pedregon received official notice of non-selection on October 15, 2019.

4.   An additional disparate treatment claim based on Pedregon's sex (female), national origin (Hispanic) and color (brown) against CPA Bovino, for Bovino's role in ensuring that Pedregon was not selected for the following promotions:

   (a)   to the lateral position of Patrol Agent in Charge (GS-1896-14) at USBP's Sonoita Station, Sonoita, Arizona, Tucson Sector, relevant to Ms. Pedregon's formal request for lateral transfer dated July 25, 2019, and for which Ms. Pedregon first received notice of non-selection on October 25, 2019; and,

   (b)   to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10551136-KJK, of which Ms. Pedregon received official notice of non-selection on October 15, 2019.

2

5.   An additional disparate impact claim based on Pedregon's sex (female), national origin (Hispanic), and color (brown) based on some presently unknown policy, custom, or practice within USBP that discourages or prohibits the promotion of any candidate to the rank of GS-15 or higher unless that candidate is a white, non-Hispanic, male; or prohibits such promotion when the candidate has previously engaged in protected EEO activity; relative to Pedregon's non-selection for the following promotions:

(a)   to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10551136-KJK, of which Ms. Pedregon received official notice of non-selection on October 15, 2019.

These claims are timely made because either Pedregon has reported them within 45 days of the effective personnel date at issue; or within 45 days of the first instance that Pedregon knew or should have known of her non-selection for the promotion in question; or because the particular acts of retaliation are directly related to Pedregon's first complaint of discrimination and retaliation in this matter, first filed on April 24, 2019.

The facts and circumstances supporting these claims, as currently understood by Pedregon, are described below.

## I.   Background – Pedregon Previously Applied for an Associate Chief Position at USBP Headquarters and Filed Her Original Complaint in This Matter

On November 30, 2018, Pedregon learned that she had not been selected for an open Associate Chief position that had been competitively advertised by USBP (job posting no. USBP-IMP-10288672-JRB).

Pedregon believed, based upon the surrounding facts and circumstances of the issue, that she had not been selected because of her sex (female), national origin (Hispanic), and color (brown).

Pedregon timely initiated the informal EEO counseling process on January 14, 2019. Informal EEO counseling was completed without resolving her complaint. On April 10, 2019, Pedregon received her notice of right to file a discrimination complaint. Ms. Pedgregon timely filed her Individual Complaint of Employment Discrimination in this matter on April 24, 2019, specifically asserting a claim for disparate treatment discrimination against the suspected decision-maker in the Associate Chief selection matter, Chief Brian Hastings at USBP HQ. Pedregon also asserted a claim for disparate impact discrimination based upon the same facts, alleging that some policy or custom, although facially neutral, had the systematic, disparate impact of promoting male, white, non-Hispanic candidates over others to leadership positions at the Associate Chief level.

Later, on July 25, 2019, and again on August 27, 2019 and October 18, 2019, Pedregon filed amended complaints asserting identical theories of retaliation and status-based disparate

treatment discrimination against both Chief Hastings as well as her immediate supervisor, Chief Patrol Agent Gregory Bovino (white, non-Hispanic, male).

The essence of Pedregon's claims is that, first, there is a cultural and organizational "glass ceiling" at USBP that prevents – whether as a product of disparate treatment, disparate impact, or both – the promotion of any candidate who is not a white, non-Hispanic man to leadership positions at the GS-15 level or above, specifically including the ranks of Associate Chief, Chief Patrol Agent, Deputy Chief Patrol Agent, and Patrol Agent in Charge relative to very large or prestigious Sectors and Stations.

Second, Pedregon claims systemic retaliation against her both from within USBP's Washington D.C. headquarters and from her immediate supervisor, CPA Bovino.

Ultimately, Pedregon alleges that she has been systematically denied promotions as detailed in her original and amending EEO complaints directly because of her national origin, sex, color, and the retaliatory animus of her chain of command.

## II.     Pedregon Applies but Is Rejected for Two Separate Positions, Each of Which She Is Clearly Qualified

Pedregon recently applied for a lateral reassignment for which she is demonstrably qualified.  That position was:

> (a)     Patrol Agent in Charge (GS-1896-14) at USBP's Sonoita Station, Sonoita, Arizona, Tucson Sector.

Pedregon applied for this position on July 25, 2019 via formal memorandum directed to the Chief Patrol Agent of the Tuscon Sector, Roy Villareal.  Pedregon first received notice of her non-selection on October 25, 2019.

Pedregon also recently applied for a promotion for which she was demonstrably qualified. That position was:

> (b)     to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10551136-KJK.

Pedregon applied for this position on July 29, 2019 via USAJobs.com.  Pedregon first received notice of her non-selection via USAJobs.com on October 15, 2019.

Pedregon applied for each position either after she first made EEO contact in this case on January 14, 2019.  Pedregon received her official notice of non-selection for each position after filing her formal complaint of discrimination in this matter on April 24, 2019; her first amended complaint on July 25, 2019; her second amended complaint on August 27, 2019; and, with respect to her non-selection for lateral reassignment to the PAIC of Sonoita Station, Tucson Sector, after filing her third amended complaint on October 18, 2019.

4

Upon information and belief, the candidate apparently selected for the PAIC position in Tuscon was Brad Eddy, a white, non-Hispanic, male who presumably has no prior EEO activity. Importantly, from approximately 2016 to 2018, Pedregon supervised Mr. Eddy who was then assigned as the PAIC (GS-1896-13) of the Lake Charles Station located in New Orleans Sector. Ultimately, Pedregon alleges that she is demonstrably more qualified for the PAIC position than Mr. Eddy, but was not selected for promotion in retaliation for her prior, protected EEO activity, and because of her national origin, sex, and color.

Upon information and belief, the candidates apparently selected for the Associate Chief positions were Dustin W. Caudle (male, white, non-Hispanic); Bradley S. Curtis (male, white, non- Hispanic); and Kathleen Scudder (female, white, non-Hispanic), none of whom presumably have any prior EEO activity. Regarding Ms. Scudder, upon information and belief she is currently married to Ryan Scudder (white, male, non-Hispanic), Deputy Chief Patrol Agent of El Centro Sector.

Pedregon alleges that she is demonstrably more qualified than these comparators, but was not selected for promotion in retaliation for her prior, protected EEO activity, and because of her national origin, sex, and color (as the case may be).

Upon information and belief, Both Chief Hastings and CPA Bovino either directly selected a candidate other than Pedregon for these positions, or provided negative recommendations against Pedregon's selection, for the purpose of retaliating against Pedregon and ensuring that she was not selected because of her sex, color, and national origin as previously described in Pedregon's original complaint of discrimination and first, second, and third amended complaints previously filed in this case. Additionally or alternatively, Pedregon asserts that some presently unknown policy, procedure, or custom within USBP leadership disparately impacts candidates who are not white, non-Hispanic, men, or have prior protected EEO activity, men such that those minority candidates are systematically denied promotion opportunities to the grade GS-15 and above.

**III.    USBP's Discrimination and Retaliation Is Systemic and Either Designed or Has the Practical Effect of Completely Denying Leadership Promotions to All Candidates Except for White, non-Hispanic, Men.**

Likewise, Pedregon asserts that both Hastings, Bovino, and USBP's leadership structure essentially and purposefully restricts minority candidates, specifically including Pedregon in this EEO matter, from promotion to critical intermediate leadership positions like Associate Chief and Deputy Chief Patrol Agent to then use the fact that the minority candidate lacks these work experiences to further discriminate against the candidates for promotion to senior leadership positions like Chief Patrol Agent and Patrol Agent in Charge of very large or prestigious sectors and stations. In this sense, whether because of purposefully designed disparate treatment, or as a product of a disparately impacting policy, custom, or procedure, the fact remains that USBP's current, senior leadership structure appears wholly segregated based on race, sex, color, and national origin.

5

**IV.    Conclusion**

For these reasons, complainant Teresa Pedregon amends her original complaint of discrimination to include related claims of disparate treatment and retaliation against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings and Chief Patrol Agent Gregory Bovino as described above, and to include related claims of disparate impact discrimination and retaliation as described above.

Please do not hesitate to contact my office for any reason regarding this amendment.

Respectfully submitted:

/s/ Kevin S. Vogeltanz
Kevin S. Vogeltanz, TA (Bar #32746)
The Law Office of Kevin S. Vogeltanz, LLC
823 Carroll Street, Suite A
Mandeville, LA 70448
Telephone:  (504) 275-5149
Facsimile:  (504) 910-1704
Email: vogeltanz@gmail.com

*Attorney for complainant Teresa Pedregon*

Cc:    Megan M. Hoppe (via email only: megan.m.hoppe@cbp.dhs.gov)

Danielle N. Davidson (via email only: danielle.n.davidson@cbp.dhs.gov)

6

| | |
|---|---|
| **From:** | Kevin Vogeltanz |
| **To:** | CBP EEO COMPLAINT FILING |
| **Cc:** | HOPPE, MEGAN M; DAVIDSON, DANIELLE; PEDREGON, TERESA (NLL) |
| **Subject:** | In re: Pedregon v. McAleenan; Complaint No. HS-CBP-00701-2019; Fifth Amendment to Individual Complaint of Employment Discrimination |
| **Date:** | Thursday, January 23, 2020 6:41:22 PM |
| **Attachments:** | [Pedregon] ltr 2020.1.23 Vogeltanz to DHS re Fifth Amendment to Complaint.pdf |

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the CBP Security Operations Center with questions or concerns.

To whom it may concern:

On behalf of my client, complainant Teresa Pedregon, in the subject-line referenced matter, I have attached to this email complainant's Fifth Amendment to her original Individual Complaint of Employment Discrimination in this matter.

As fully described on the merits in the attached letter-amendment, complainant amends her complaint to add the following, related claims against the following individuals:

1. Additional retaliation claims against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings;

2. Additional disparate treatment claims against Chief Hastings;

3. Additional retaliation claims against Chief Patrol Agent, New Orleans Sector, Gregory Bovino;

4. Additional disparate treatment claims against CPA Bovino; and,

5. To the extent required to properly preserve the claim, additional disparate impact claims against USBP via the actions of Chief Hastings and CPA Bovino.

Thank you for processing Ms. Pedregon's fifth amendment in this matter.

Please do not hesitate to contact my office for any reason relating to this amendment.

Best,

Kevin S. Vogeltanz
Attorney for Complainant Teresa Pedregon
--
The Law Office of Kevin S. Vogeltanz, LLC
Employment & Discrimination Litigation
email:  vogeltanz@gmail.com
voice/text:  504.275.5149
efax:  504.910.1704
physical:  823 Carroll Street, Suite A | Mandeville, LA 70448

*This message (and any attachments) may be a privileged and confidential communication to

one of my clients. If you are not the intended recipient, please email or contact me immediately, then please delete this misdirected email. Thanks very much in advance.

# THE LAW OFFICE OF KEVIN S. VOGELTANZ, LLC

Employment Law & Litigation
vogeltanz@gmail.com | office: 504.275.5149 | fax: 504.910.1704
823 Carroll Street, Suite A / Mandeville, LA 70448

January 23, 2020

U.S. Customs and Border Protection                                    **Via Email**
Privacy and Diversity Office
Diversity and EEO Division
1300 Pennsylvania Avenue, NW
Room 3.3D, Mailstop #1019
Washington, D.C. 20229
Telephone: (202) 344-1610
**cbpeeocomplaintfiling@cbp.dhs.gov**

> **In re:  Pedregon v. McAleenan, Acting Secretary USDHS**
> Complaint No. HS-CBP-00701-2019
> Fourth Amendment to Complaint to Assert Related Claim

To whom it may concern:

Pursuant to 20 C.F.R. § 1614.106(d), complainant Teresa Pedregon hereby amends her subject-line referenced Individual Complaint of Employment Discrimination, filed with your office on April 24, 2019, for the purpose of adding the following, related claims against the following individuals:

1.  An additional retaliation claim against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings, based upon his alleged retaliation against Pedregon for the filing of her original complaint of discrimination in this matter, for Hastings's role in ensuring that Pedregon was not selected for the following promotions or lateral positions:

    (a)  to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10596239-XYA, of which Ms. Pedregon received official notice of non-selection on December 9, 2019.

2.  An additional disparate treatment claim based on Pedregon's sex (female), national origin (Hispanic) and color (brown) against Chief Hastings, for Hastings's role in ensuring that Pedregon was not selected for the following promotions:

    (a)  to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10596239-XYA, of which Ms. Pedregon received official notice of non-selection on December 9, 2019.

1

3.    An additional retaliation claim against Chief Patrol Agent, New Orleans Sector, Gregory Bovino, based upon his alleged retaliation against Pedregon for the filing of her original complaint of discrimination in this matter, for Bovino's role in ensuring that Pedregon was not selected for the following promotions:

(a)    to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10596239-XYA, of which Ms. Pedregon received official notice of non-selection on December 9, 2019.

4.    An additional disparate treatment claim based on Pedregon's sex (female), national origin (Hispanic) and color (brown) against CPA Bovino, for Bovino's role in ensuring that Pedregon was not selected for the following promotions:

(a)    to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10596239-XYA, of which Ms. Pedregon received official notice of non-selection on December 9, 2019.

5.    An additional disparate impact claim based on Pedregon's sex (female), national origin (Hispanic), and color (brown) based on some presently unknown policy, custom, or practice within USBP that discourages or prohibits the promotion of any candidate to the rank of GS-15 or higher unless that candidate is a white, non-Hispanic, male; or prohibits such promotion when the candidate has previously engaged in protected EEO activity; relative to Pedregon's non-selection for the following promotions:

(a)    to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10596239-XYA, of which Ms. Pedregon received official notice of non-selection on December 9, 2019.

These claims are timely made because either Pedregon has reported them within 45 days of the effective personnel date at issue; or within 45 days of the first instance that Pedregon knew or should have known of her non-selection for the promotion in question; or because the particular acts of retaliation are directly related to Pedregon's first complaint of discrimination and retaliation in this matter, first filed on April 24, 2019.

The facts and circumstances supporting these claims, as currently understood by Pedregon, are described below.

2

I.      **Background – Pedregon Previously Applied for an Associate Chief Position at USBP Headquarters and Filed Her Original Complaint in This Matter**

On November 30, 2018, Pedregon learned that she had not been selected for an open Associate Chief position that had been competitively advertised by USBP (job posting no. USBP-IMP-10288672-JRB).

Pedregon believed, based upon the surrounding facts and circumstances of the issue, that she had not been selected because of her sex (female), national origin (Hispanic), and color (brown).

Pedregon timely initiated the informal EEO counseling process on January 14, 2019. Informal EEO counseling was completed without resolving her complaint. On April 10, 2019, Pedregon received her notice of right to file a discrimination complaint. Ms. Pedgregon timely filed her Individual Complaint of Employment Discrimination in this matter on April 24, 2019, specifically asserting a claim for disparate treatment discrimination against the suspected decision-maker in the Associate Chief selection matter, Chief Brian Hastings at USBP HQ. Pedregon also asserted a claim for disparate impact discrimination based upon the same facts, alleging that some policy or custom, although facially neutral, had the systematic, disparate impact of promoting male, white, non-Hispanic candidates over others to leadership positions at the Associate Chief level.

Later, on July 25, 2019, and again on August 27, 2019, October 18, 2019, and November 29, 2019, Pedregon filed amended complaints asserting identical theories of retaliation and status-based disparate treatment discrimination against both Chief Hastings as well as her immediate supervisor, Chief Patrol Agent Gregory Bovino (white, non-Hispanic, male).

The essence of Pedregon's claims is that, first, there is a cultural and organizational "glass ceiling" at USBP that prevents – whether as a product of disparate treatment, disparate impact, or both – the promotion of any candidate who is not a white, non-Hispanic man to leadership positions at the GS-15 level or above, specifically including the ranks of Associate Chief, Chief Patrol Agent, Deputy Chief Patrol Agent, and Patrol Agent in Charge relative to very large or prestigious Sectors and Stations.

Second, Pedregon claims systemic retaliation against her both from within USBP's Washington D.C. headquarters and from her immediate supervisor, CPA Bovino.

Ultimately, Pedregon alleges that she has been systematically denied promotions as detailed in her original and amending EEO complaints directly because of her national origin, sex, color, and the retaliatory animus of her chain of command.

II.     **Pedregon Applies but Is Rejected for Position for Which She Is Clearly Qualified**

Pedregon recently applied for another promotion to the associate chief position at USBP's Washington D.C. headquarters for which she is demonstrably qualified. That position was:

3

(b)    to the position of Associate Chief (GS-1896-15) at USBP Headquarters in Washington, DC, relevant to USAJobs.com job posting USBP-IMP-10596239-XYA.

Pedregon timely applied for this position via USAJobs.com.  Pedregon first received notice of her non-selection via USAJobs.com on December 9, 2019.

Pedregon applied for the associate chief position after she first made EEO contact in this case on January 14, 2019.  Pedregon received her official notice of non-selection for each position after filing her formal complaint of discrimination in this matter on April 24, 2019; her first amended complaint on July 25, 2019; her second amended complaint on August 27, 2019; her third amended complaint on October 18, 2019; and her fourth amended complaint on November 29, 2019.

Pedregon alleges that she was demonstrably qualified for the associate chief position, but was not selected for promotion in retaliation for her prior, protected EEO activity, and because of her national origin, sex, and color (as the case may be).

## III.    USBP's Discrimination and Retaliation Is Systemic and Either Designed or Has the Practical Effect of Completely Denying Leadership Promotions to Candidates Except for White, non-Hispanic, Men.

Likewise, Pedregon asserts that both Hastings, Bovino, and USBP's leadership structure essentially and purposefully restricts minority candidates, specifically including Pedregon in this EEO matter, from promotion to critical intermediate leadership positions like Associate Chief and Deputy Chief Patrol Agent to then use the fact that the minority candidate lacks these work experiences to further discriminate against the candidates for promotion to senior leadership positions like Chief Patrol Agent and Patrol Agent in Charge of very large or prestigious sectors and stations.  In this sense, whether because of purposefully designed disparate treatment, or as a product of a disparately impacting policy, custom, or procedure, the fact remains that USBP's current, senior leadership structure appears wholly segregated based on race, sex, color, and national origin.

## IV.    Conclusion

For these reasons, complainant Teresa Pedregon amends her original complaint of discrimination to include related claims of disparate treatment and retaliation against Chief of Law Enforcement Operations Directorate (LEOD) Brian Hastings and Chief Patrol Agent Gregory Bovino as described above, and to include related claims of disparate impact discrimination and retaliation as described above.

Please do not hesitate to contact my office for any reason regarding this amendment.

4

Respectfully submitted:

/s/ Kevin S. Vogeltanz
Kevin S. Vogeltanz, TA (Bar #32746)
The Law Office of Kevin S. Vogeltanz, LLC
823 Carroll Street, Suite A
Mandeville, LA 70448
Telephone:  (504) 275-5149
Facsimile:  (504) 910-1704
Email: vogeltanz@gmail.com

*Attorney for complainant Teresa Pedregon*

Cc:     Megan M. Hoppe (via email only: megan.m.hoppe@cbp.dhs.gov)

        Danielle N. Davidson (via email only: danielle.n.davidson@cbp.dhs.gov)

5