**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| TERESA PEDREGON | ) | |
| | ) | **Case No: 20-512 "A" (4)** |
| Plaintiff, | ) | |
| | ) | **Judge: Zainey** |
| v. | ) | |
| | ) | **Magistrate: Roby** |
| CHAD WOLF, ACTING SECRETARY, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

<u>**FEDERAL DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**</u>

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes the Defendant, Chad Wolf, Acting Secretary of the United States Department of Homeland Security who respectfully responds to Plaintiff's Amended Complaint and states the following upon information and belief:

1.  Federal Defendant denies the allegations contained in paragraphs 1 and 1a.

2.  Federal Defendant denies the allegations contained in paragraph 2.

3.  Federal Defendant denies the allegations contained in paragraph 3.

4.  Federal Defendant denies the allegations contained in paragraph 4.

5.  Federal Defendant denies the allegations contained in paragraph 5 except to admit that the Washington Examiner published a story concerning CBP on November 20, 2019.

6.  Federal Defendant denies the allegations contained in paragraph 6.

7.  Paragraph 7 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 7.

8.  Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 8 and therefore denies the allegations.

1

9.  Federal Defendant admits the allegations contained in paragraph 9.

10. Paragraph 10 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 10.

11. Paragraph 11 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 11.

12. Paragraph 12 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 12.

13. Federal Defendant admits the allegations contained in paragraph 13.

14. Federal Defendant admits the allegations contained in paragraph 14.

15. Federal Defendant admits the allegations contained in paragraph 15.

16. Federal Defendant admits the allegations contained in paragraph 16.

17. Federal Defendant admits the allegations contained in paragraph 17.

18. Federal Defendant admits the allegations contained in paragraph 18.

19. Federal Defendant admits the allegations contained in paragraph 19.

20. Federal Defendant denies the allegations contained in paragraph 20 except to admit Plaintiff filed her Individual Complaint of Employment Discrimination on or about April 24, 2019.

21. Federal Defendant denies the allegations contained in paragraph 21, including all subparts, except to admit that Plaintiff filed amendments to her initial complaint on the dates listed.

22. Federal Defendant admits the allegations contained in paragraph 22.

23. Federal Defendant admits the allegations contained in paragraph 23.

24. Federal Defendant admits the allegations contained in paragraph 24.

25. Federal Defendant admits the allegations contained in paragraph 25.

26. Federal Defendant denies the allegations contained in paragraph 26.

27. Federal Defendant denies the allegations contained in paragraph 27.

28. Federal Defendant admits the allegations contained in paragraph 28.

29. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 29 and therefore denies the allegations.

30. Federal Defendant admits the allegations contained in paragraph 30.

31. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 31 and therefore denies the allegations.

32. Federal Defendant admits that CBP had not yet finished its investigation.  Federal Defendant denies all other allegations contained in paragraph 32.

33. Federal Defendant denies the allegations contained in paragraph 33.

34. Federal Defendant denies the allegations contained in paragraph 34.

35. Paragraph 35 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 35.

36. Federal Defendant admits the allegations contained in paragraph 36.

37. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 37 and therefore denies the allegations.

38. Federal Defendant admits the allegations contained in paragraph 38.

39. Federal Defendant admits that Plaintiff is currently assigned as the GS-1896-14 PAIC at Blythe Station and was previously assigned as a GS-1896-14 Division Chief at the New Orleans Sector Headquarters.  Federal denies all other allegations contained in paragraph 39.

40. Federal Defendant admits that Plaintiff served as the acting Deputy Chief Patrol Agent of the New Orleans Sector.  Federal Defendant denies all other allegations contained in paragraph 40.

41. Plaintiff's complaint is missing paragraph 41.

42. Federal Defendant admits the allegations contained in paragraph 42.

43. Federal Defendant admits the allegations contained in paragraph 43.

44. Federal Defendant admits the allegations contained in paragraph 44.

45. Federal Defendant admits the allegations contained in paragraph 45.

46. Paragraph 46 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 46.

47. Federal Defendant admits the allegations contained in paragraph 47.

48. Federal Defendant admits the allegations contained in paragraph 48.

49. Federal Defendant admits the allegations contained in paragraph 49.

50. Federal Defendant denies the allegations contained in paragraph 50.

51. Federal Defendant admits the allegations contained in paragraph 51.

52. Federal Defendant admits the allegations contained in paragraph 52.

53. Federal Defendant admits the allegations contained in paragraph 53.

54. Federal Defendant admits the allegations contained in paragraph 54.

55. Federal Defendant admits the allegations contained in paragraph 55.

56. Federal Defendant admits the allegations contained in paragraph 56.

57. Federal Defendant admits the allegations contained in paragraph 57.

58. Federal Defendant denies the allegations contained in paragraph 58.

59. Federal Defendant denies the allegations contained in paragraph 59.

60. Federal Defendant admits the allegations contained in paragraph 60.

61. Federal Defendant admits the allegations contained in paragraph 61 except to clarify that Plaintiff is currently assigned as the PAIC at the Blythe Station.

62. Federal Defendant denies the allegations contained in paragraph 62 for lack of sufficient information to justify a belief therein. Federal Defendant does not maintain accurate data regarding the race of its employees because such data is obtained through voluntary disclosure. Further, Federal Defendant's interpretation of the word "significant" may be different than the meaning intended in the allegation.

63. Federal Defendant denies the allegations contained in paragraph 63 for lack of sufficient information to justify a belief therein. Federal Defendant does not maintain accurate data regarding the race of its employees because such data is obtained through voluntary disclosure. Further, Federal Defendant's interpretation of the word "significant" may be different than the meaning intended in the allegation.

64. Federal Defendant admits the allegations contained in paragraph 64.

65. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 65 and therefore denies the allegations.

66. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 66 and therefore denies the allegations.

61. **Complaint contains second paragraph 61-66 after paragraph 66.** Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 61 and therefore denies the allegations.

62. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 62 and therefore denies the allegations.

63. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 63 and therefore denies the allegations.

64. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 64 and therefore denies the allegations.

65. Federal Defendant denies the allegations contained in paragraph 65.

66. Federal Defendant denies the allegations contained in paragraph 66.

67. Federal Defendant denies the allegations contained in paragraph 67.

68. Federal Defendant admits that beginning in 2017, Plaintiff served as a GS-1896-14 Division Chief in New Orleans Sector.  Federal Defendant denies all other allegations contained in paragraph 68.

69. Federal Defendant admits that Plaintiff served in the supervisory positions listed in paragraph 69.  Federal Defendant denies all other allegations contained in paragraph 69.

70. Federal Defendant denies the allegations contained in paragraph 70 because its interpretation of the word "exemplary" may be different than the meaning intended in the allegation.

71. Federal Defendant admits John Richards was the CPA of the New Orleans Sector in 2017. Federal Defendant denies all other allegations contained in paragraph 71.

72. Federal Defendant admits the allegations contained in paragraph 72.

73. Federal Defendant admits that Plaintiff served as the acting DCPA from April to September 2017.  Federal Defendant denies all other allegations contained in paragraph 73.

74. Federal Defendant admits that Joseph Banco served as acting CPA following CPA Richards' retirement.  Federal Defendant denies all other allegations contained in paragraph 74.

75. Federal Defendant admits the allegations contained in paragraph 75.

76. Federal Defendant admits that Plaintiff served as the acting DCPA from January to July 2018. Federal Defendant denies all other allegations contained in paragraph 76.

77. Federal Defendant admits that Gregory Bovino was assigned as the CPA, New Orleans Sector in April 2018.  Federal Defendant denies all other allegations contained in paragraph 77.

78. Federal Defendant admits that Plaintiff served as the acting DCPA in January 2019.  Federal Defendant denies all other allegations contained in paragraph 78.

79. Federal Defendant denies the allegations contained in paragraph 79.

80. Complaint is missing paragraph 80.

81. Federal Defendant admits the allegations contained in paragraph 81.

82. Federal Defendant admits the allegations contained in paragraph 82.

83. Federal Defendant denies the allegations contained in paragraph 83.

84. Federal Defendant admits the allegations contained in paragraph 84.

85. Federal Defendant admits that the Associate Chief position is a promotion in grade from the GS-14 position Plaintiff held at time of application.  Federal Defendant denies all other allegations contained in paragraph 85.

86. Federal Defendant denies the allegations contained in paragraph 86.

87. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 87 and therefore denies the allegations.

88. Federal Defendant admits that Plaintiff learned she was not selected for the Associate Chief position on November 30, 2018.  Federal Defendant denies all other allegations contained in paragraph 88.

89. Federal Defendant admits that two other applicants were selected for the Associate Chief position.  Federal Defendant denies all other allegations contained in paragraph 89.

90. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 90 and therefore denies the allegations.

91. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 91 and therefore denies the allegations.

91. Complaint contains two paragraphs numbered 91. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in the second paragraph numbered 91 and therefore denies the allegations.

92. Federal Defendant denies the allegations contained in paragraph 92 because its interpretation of the word "decision-maker" may be different than the meaning intended in the allegation.

93. Federal Defendant denies the allegations contained in paragraph 93.

94. Federal Defendant denies the allegations contained in paragraph 94.

95. Federal Defendant denies the allegations contained in paragraph 95.

96. Federal Defendant denies the allegations contained in paragraph 96.

97. Federal Defendant denies the allegations contained in paragraph 97.

98. Federal Defendant denies the allegations contained in paragraph 98.

99. Federal Defendant admits that Plaintiff initiated EEO contact of January 14, 2019. Federal Defendant denies all other allegations contained in paragraph 99.

100. Federal Defendant admits the allegations contained in paragraph 100.

101. Federal Defendant admits that Plaintiff applied for the PAIC position at Three Points Station on March 8, 2019. Federal Defendant denies all other allegations contained in paragraph 101.

102. Federal Defendant admits the allegations contained in paragraph 102.

103. Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 103 and therefore denies the allegations.

104.    Federal Defendant admits that Plaintiff was interview by Division Chief Ronald Bellavia, PAIC Jack Jeffreys, and PAIC Sabri Dickman.  Federal Defendant denies all other allegations contained in paragraph 104.

105.    Federal Defendant admits the allegations contained in paragraph 105.

106.    Federal Defendant admits that Plaintiff was interview by CPA Villareal.  Federal Defendant denies all other allegations contained in paragraph 106.

107.    Federal Defendant admits the allegations contained in paragraph 107.

108.    Federal Defendant denies the allegations contained in paragraph 108, except to admit that Chief Villareal sought concurrence from Chief Hastings at USBP headquarters for the PAIC selection.

109.    Federal Defendant denies the allegations contained in paragraph 109, except to admit that Plaintiff was one of two candidates Chief Villareal presented to Chief Hastings for selection concurrence.

110.    Federal Defendant admits the allegations contained in paragraph 110.

111.    Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 111 and therefore denies the allegations.

112.    Federal Defendant denies the allegations contained in paragraph 112.

113.    Federal Defendant denies the allegations contained in paragraph 113.

114.    Federal Defendant denies the allegations contained in paragraph 114.

115.    Federal Defendant admits the allegations contained in paragraph 115.

116.    Federal Defendant admits that Plaintiff was the acting DCPA at the time of her application. Federal Defendant denies all other allegations contained in paragraph 116.

117.    Federal Defendant denies the allegations contained in paragraph 117 except that Chief Bovino did not interview Plaintiff for the DCPA position.

118.    Federal Defendant admits the allegations contained in paragraph 118.

119.    Federal Defendant admits that Chief Bovino announced via Sector-wide email the selection for the DCPA position.  Federal Defendant denies all other allegations contained in paragraph 119.

120.    Federal Defendant admits that Chief Bovino announced that Plaintiff was assigned to the Division Chief of Operation position in the Sector-wide email.  Federal Defendant denies all other allegations contained in paragraph 120.

121.    Federal Defendant denies the allegations contained in paragraph 121, except to admit that the Division Chief positions have the same GS grade.

122.    Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 122 and therefore denies the allegations.

123.    Federal Defendant denies the allegations contained in paragraph 123.

124.    Federal Defendant denies the allegations contained in paragraph 124.

125.    Federal Defendant denies the allegations contained in paragraph 125.

126.    Federal Defendant denies the allegations contained in paragraph 126.

127.    Federal Defendant denies the allegations contained in paragraph 127.

128.    Federal Defendant denies the allegations contained in paragraph 128.

129.    Federal Defendant denies the allegations contained in paragraph 129.

130.    Federal Defendant reincorporates by reference its prior responses.

131.    Federal Defendant denies the allegations contained in paragraph 131, except to admit that Plaintiff applied for various position across USBP.

132. Federal Defendant denies the allegations contained in paragraph 132, except to admit that Plaintiff was recently selected to a GS-1896-14 PAIC position.

133. Federal Defendant denies the allegations contained in paragraph 133.

134. Federal Defendant denies the allegations contained in paragraph 134.

135. Federal Defendant denies the allegations contained in paragraph 135.

136. Federal Defendant denies the allegations contained in paragraph 136, except to admit that Plaintiff applied for the positions listed in paragraph 136.

137. Federal Defendant denies the allegations contained in paragraph 137, except to admit that Plaintiff applied for the PAIC position at Blythe Station.

138. Federal Defendant denies the allegations contained in paragraph 138, except to admit that the PAIC position is designated as GS-1896-14.

139. Federal Defendant admits the allegations contained in paragraph 139.

140. Federal Defendant denies the allegations contained in paragraph 140.

141. Federal Defendant denies the allegations contained in paragraph 141, except to admit that Chief Bovino was recently assigned to be the CPA of the El Centro Sector in California.

142. Federal Defendant denies the allegations contained in paragraph 142, except to admit that Chief Hastings was recently assigned to be the CPA of the Rio Grande Valley Sector in Texas.

143. Federal Defendant denies the allegations contained in paragraph 143.

144. Federal Defendant denies the allegations contained in paragraph 144.

145. Federal Defendant denies the allegations contained in paragraph 145.

146. Federal Defendant denies the allegations contained in paragraph 146.

147. Federal Defendant denies the allegations contained in paragraph 147.

148. Federal Defendant denies the allegations contained in paragraph 148.

149.   Federal Defendant denies the allegations contained in paragraph 149.

150.   Paragraph 150 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 150.

151.   Federal Defendant denies the allegations contained in paragraph 151.

152.   Federal Defendant denies the allegations contained in paragraph 152.

153.   Federal Defendant denies the allegations contained in paragraph 153.

154.   Federal Defendant denies the allegations contained in paragraph 154.

155.   Federal Defendant denies the allegations contained in paragraph 155.

156.   Federal Defendant denies the allegations contained in paragraph 156.

157.   Paragraph 157 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 157.

158.   Paragraph 158 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 158.

159.   Paragraph 159 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 159.

160.   Paragraph 160 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 160.

161. Paragraph 161 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 161.

162. Paragraph 162 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 162.

163. Paragraph 163 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 163.

164. Paragraph 164 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 164.

165. Paragraph 165 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 165.

166. Paragraph 166 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 166.

167. Paragraph 167 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 167.

168.    Paragraph 168 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 168.

169.    Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 169 and therefore denies the allegations.

170.    Federal Defendant denies the allegations contained in paragraph 170.

171.    Paragraph 171 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 171.

172.    Paragraph 172 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 172.

173.    Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 173 and therefore denies the allegations.

174.    Federal Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 174 and therefore denies the allegations.

The non-numbered paragraph after Section G of the complaint regarding the requirements of Rule 23(b)(1) contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in the paragraph.

175.    Federal Defendant denies the allegations contained in paragraph 175.

176.    Federal Defendant denies the allegations contained in paragraph 176.

177.   Paragraph 177 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 177.

178.   Paragraph 178 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 178.

179.   Paragraph 179 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 179.

180.   Paragraph 180 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 180.

181.   Paragraph 181 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 181.

182.   Paragraph 182 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 182.

183.   Paragraph 183 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 183.

184.   Federal Defendant incorporates by reference its prior responses.

185.  Paragraph 185 contains a statement to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 185.

186.  Federal Defendant denies the allegations contained in paragraph 186.

187.  Paragraph 187 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 187.

188.  Paragraph 188 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 188.

189.  Paragraph 189 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 189.

190.  Federal Defendant denies the allegations contained in paragraph 190.

191.  Federal Defendant denies the allegations contained in paragraph 191.

192.  Federal Defendant denies the allegations contained in paragraph 192.

193.  Federal Defendant denies the allegations contained in paragraph 193.

194.  Federal Defendant denies the allegations contained in paragraph 194.

195.  Complaint is missing paragraph 195.

196.  Federal Defendant denies the allegations contained in paragraph 196.

196.  The second Paragraph 196 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in this paragraph.

197.	Paragraph 197 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 197.

198.	Federal Defendant reincorporates by reference its prior responses.

199.	Paragraph 199 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 199.

200.	Paragraph 200 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 200.

201.	Paragraph 201 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 201.

202.	Federal Defendant denies the allegations contained in paragraph 202.

203.	Paragraph 203 contains a statement of law to which no response is required. To the extent a response may be required, Federal Defendant denies the allegations contained in paragraph 203.

**PRAYER**

The paragraph beginning with "**WHEREFORE**" contains the Plaintiff's prayer for relief to which no answer is required.  To the extent a response is required, Federal Defendant specifically denies each and every allegation. Further, Federal Defendant denies that Plaintiff is entitled to any relief sought.

~

In further answer to the Complaint and as separate affirmative defenses, Federal Defendant alleges as follows:

### First Affirmative Defense

Plaintiff is unable to establish a *prima facie* case of race, gender, color, or national origin discrimination.

### Second Affirmative Defense

Plaintiff is unable to establish a *prima facie* case of retaliation or reprisal discrimination.

### Third Affirmative Defense

At all times, Defendant acted in good faith, and Defendant's actions, if any, were based upon non-discriminatory, non-retaliatory legitimate business reasons, lawful principles of personnel management, and regulations governing federal agencies.

### Fourth Affirmative Defense

If plaintiff proves that an illegal factor was a consideration in plaintiff's non-selection, which is expressly denied, then the Defendant asserts that it would have made the same decision even in the absence of discrimination or retaliation.

### Fifth Affirmative Defense

Defendant's actions, if any, were taken for legitimate, non-discriminatory, and non-retaliatory reasons. Moreover, plaintiff cannot establish that Defendant's proffered reasons for the employment actions at issue were pretextual or that Plaintiff's protected characteristics were motivating factors in Defendant's conduct. Defendant's actions would have been taken regardless of Plaintiff's protected characteristics.

### Sixth Affirmative Defense

Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in his Complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. §1981a.

### Seventh Affirmative Defense

All claims based on personnel actions, incidents, or events taking place more than forty-five (45) days prior to the date Plaintiff contacted the EEO Counselor, are barred for failure to exhaust, or timely exhaust administrative remedies and/or expiration of the applicable period of limitation.

### Eighth Affirmative Defense

Defendant denies each and every allegation of Plaintiff's Complaint not heretofore admitted, denied, or otherwise qualified.

### Ninth Affirmative Defense

Defendant reserves the right to plead such additional defenses as may become known through investigation, discovery, research, and otherwise.

### Tenth Affirmative Defense

Any claims for which plaintiff did not timely exhaust her administrative remedies are barred.

### Eleventh Affirmative Defense

Plaintiff cannot establish that the Defendant treated Plaintiff differently than a similarly situated employee.

### Twelfth Affirmative Defense

Plaintiff's alleged injuries and/or damages were not caused by any acts of discrimination or retaliation committed by Defendant or Defendant's employees.

### Thirteenth Affirmative Defense

Defendant pleads the defense of business necessity.

### Fourteenth Affirmative Defense

Plaintiff was not subjected to discrimination because of her status in a protected group or class.

### Fifteenth Affirmative Defense

There is no causal nexus between Plaintiff's protected activity and any adverse employment action.

### Sixteenth Affirmative Defense

Plaintiff cannot satisfy the elements to establish a valid class of individuals to bring her class-action claims.

### Seventeenth Affirmative Defense

Plaintiff cannot establish that she is a valid representative or agent of the class she alleges exists.

### Demand for Jury Trial

Defendant requests a trial by jury on all issues.

~

**WHEREFORE**, having fully answered Plaintiff's Complaint, Federal Defendant prays that:

(1)     Plaintiff's Complaint be dismissed with prejudice and with costs of suit awarded to Federal Defendant;

(2)     Plaintiff take nothing in this action; and,

20

(3)     This Honorable Court grant such other relief as it may deem appropriate in this

case.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY


 /s/ JASON M. BIGELOW
JASON M. BIGELOW
Assistant United States Attorney
LA Bar Roll No. 29761
650 Poydras Street - Suite 1600
New Orleans, Louisiana 70130
Telephone:  (504) 680-3025
Fax:  (504) 680-3174
Email:  jason.bigelow@usdoj.gov

21