**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TERESA PEDREGON**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**CHAD WOLF, ACTING SECRETARY,<br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY**<br><br>    **Defendant.** | **CIVIL NO. 2:20-CV-00512-JCZ-KWR** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Teresa Pedregon respectfully opposes defendant's partial Motion to Dismiss for Failure to State a Claim. As a threshold matter, defendant does not seek dismissal of the bulk of Ms. Pedregon's individual, disparate treatment claims, and defendant has already formally answered those claims in this case (Doc. 17). Instead, defendant's motion asks the Court to dismiss Ms. Pedregon's class-action claims, her disparate impact claims, and her most recent disparate treatment claim resulting from her December 9, 2019 non-selection, all on the basis that Ms. Pedregon allegedly did not exhaust administrative remedies for any of these claims. This is not so. Ms. Pedregon fully exhausted each of these claims.

First, defendant argues – based on the law of *other* federal circuits – that a federal-employee plaintiff is required to exhaust the EEOC's specific class-action administrative procedures before she can assert a class-action Title VII claim in federal court. But the binding authority in *this* circuit mandates the opposite result: that a federal-employee plaintiff is *not* required to exhaust the EEOC's specific class-action administrative procedures before she can assert a class-action Title VII claim in federal court. Rather, a plaintiff may properly exhaust her claim by doing exactly

1

what Ms. Pedegron did – filing an individual EEO complaint that includes allegations which put the defendant agency on fair notice of an alleged pattern of discrimination at the U.S. Border Patrol (USBP).

As discussed below, the Fifth Circuit has ruled on this issue. As a result, defendant's motion should be denied as to Ms. Pedregon's class-action claims. But defendant's argument would still fail even if the Fifth Circuit had been silent on this issue to date because the argument is based on an erroneous interpretation of federal regulations and asks the Court to contravene the purposes of Title VII and the exhaustion doctrine.

Likewise, defendant's arguments that Ms. Pedregon did not properly exhaust her disparate impact claims, and her disparate treatment claims based on her December 9, 2019 non-selection, similarily misapply the Fifth Circuit's exhaustion standard.

Accordingly, defendant's motion for partial dismissal must be denied in its entirety.

**1.      Governing Standards.**

In ruling on defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009). The Court must deny the motion to dismiss if it finds plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether a plaintiff has properly exhausted her claims in a Title VII case, "the scope of an EEOC complaint should be construed liberally" because "the provisions of Title VII were not designed for the sophisticated . . . ." *Pacheco v. Mineto*, 448 F.3d 783, 788-89 (5th Cir. 2006) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970) and *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983)).

2

A district court "interpret[s] [administrative] regulations in the same manner as statutes, looking first to the regulation's plain language." *Anthony v. U.S.*, 520 F.3d 374, 380 (5th Cir. 2008). "Where the language is unambiguous," the Court "do[es] not look beyond the plain wording of the regulation to determine meaning." *Id.* Rather, a "regulation should be interpreted in a manner that effectuates its central purposes." *Jochum v. Pico Credit Corp. of Westbank, Inc.*, 730 F.2d 1041, 1047 (5th Cir. 1984). Furthermore, "courts should not interpret an agency regulation to thwart the statutory mandate it was designed to implement." *Id.*

**2.      Exhaustion of Administrative Remedies in the Fifth Circuit.**

It has long been the law in the Fifth Circuit that a plaintiff may pursue a class-action claim in federal court if the substance of the class complaint had been raised through an individual administrative complaint. *See, e.g.*, *Eastland v. Tennessee Valley Authority*, 553 F.2d 364, 365, 373 (5th Cir. 1977), *cert. denied*, 434 U.S. 985 (1977) (allowing class action to proceed where one plaintiff exhausted individual complaint); *Pacheco*, 448 F.3d at 789 (explaining, approvingly, that in *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447 (5th Cir. 1983), "this court held that an entire *class* of plaintiffs had exhausted their administrative remedies, even though the administrative charge complained only of *individual* discrimination") (emphasis in original); *and also McClain v. Lufkin Industries*, 519 F.3d 264, 275 (5th Cir. 2008) (holding that entire class of plaintiffs had exhausted their administrative remedies based on allegations in single plaintiff's individual administrative complaint).

The relevant standard for the exhaustion requirement is simply whether the claims raised in the judicial complaint fall within "the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco*, 448 F.3d at 789 (quoting *Sanchez*, 431 F.2d at 466). This standard is identical for both federal and private employees.

3

*Pacheco*, 448 F.3d at 788 n.6 (noting "the presently relevant scope of the exhaustion requirement is the same for both federal and private employees"). Whether in the context of private or federal employment, the Fifth Circuit holds that an individual is not required to "check a certain box or recite a specific incantation to exhaust [her]…administrative remedies." *Pacheco*, 448 F.3d at 792.

Accordingly, the Fifth Circuit has previously held that exhaustion of a class-action claim was sufficient where the plaintiff's individual administrative complaint alleged she was paid less and denied promotions "because of [her] sex, female," which the Court determined "could equally be understood to complain of discriminatory employment treatment of all women applicants and employees, as well as of [the plaintiff] herself." *Fellows*, 701 F.2d at 451. Similarly, the Fifth Circuit has held that exhaustion of plaintiffs' class claims was sufficient where one plaintiff's individual complaint to the EEOC alleged "that he was constructively discharged, denied promotional and training opportunities, and overloaded with work because of his race" and stated that the employer "ha[d] similarly discriminated against other black African Americans." *Mclain*, 519 F.3d at 275.

Ms. Pedregon has met this standard. In her individual complaint of discrimination and subsequent, accepted amendments, she alleged that she was denied promotional opportunities because of her national origin, sex, and color, that that USBP maintains a "preference for non-Hispanic men with white skin over Hispanic women with brown skin" and that USBP has similarly and systematically denied promotional opportunities to other female, Hispanic employees, functionally creating a "glass ceiling" for its employees who are women and people of color. Doc. 16-3 at 5, 11, 14, 31, 38, 45. The scope of the investigation that would reasonably be expected to grow out of these allegations would include whether a class of women or non-white employees at USBP were discriminated against, not simply whether Ms. Pedregon herself was the victim of

individual discrimination. Thus, Ms. Pedregon properly exhausted her class complaints. *See Pacheco*, 448 F.3d 789.

Fifth Circuit law does not authorize any special, heightened exhaustion standard for class claims, nor one for federal employees. Rather, as explained above, the Fifth Circuit has made it eminently clear that the same exhaustion standard applies for both class and individual claims, and that it applies for both federal and private employees. *See Pacheco*, 448 F.3d at 788 n.6, 789. Nonetheless, defendant asks the Court to impose a heightened standard on Ms. Pedregon's class claims based on the contradictory rule applied by the Tenth and District of Columbia Circuits. *See* Doc. 16-1 at 4-5 (citing *Barkley v. U.S. Marshals Service ex. rel. Hylton*, 766 F.3d 25, 36 (D.C. Cir. 2014) and *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997)). The Eighth Circuit has also reached the same result. *See McIntosh v. Weinberger*, 810 F.2d 1411, 1423–25 (8th Cir.1987), *vacated on other grounds*, 487 U.S. 1212, 108 S. Ct. 2861, 101 L.Ed.2d 898 (1988).

According to this alternate line of cases, allowing a federal employee to bring a class action claim where the employee has exhausted individual, but not class, administrative remedies is no longer authorized by federal regulation. This reasoning is based on the fact that in 1977 the Civil Service Commission promulgated specific procedures to assert class-action discrimination claims at the administrative level, where none had existed before. *See Gulley v. Orr*, 905 F.2d 1383, 1384 (10th Cir. 1990) (citing 29 C.F.R. §§ 1613.601-.643 (1985)).[1] The crux of this reasoning is that because these new regulations made a class-action procedure *available* at the administrative level, those procedures became, ipso facto, *mandatory*. *Id.* at 1384-85. Courts outside of the Fifth Circuit have avoided the reasoning of, for example, *Eastland*, because it predates enactment of the

---

[1] Currently, the regulations outlining class complaint procedures are codified in 29 C.F.R. § 1614.204.

administrative class complaint procedure. *See e.g., McIntosh*, 810 F.2d at 1424-25 (rejecting plaintiff's reliance on Fifth Circuit's *Eastland* decision because it predated 1977 regulations establishing class complaint procedures).

As discussed below, this reasoning is based on an erroneous interpretation of the EEOC's class-action complaint procedures. But, as an initial, threshold matter, it is important to note that the Fifth Circuit has never overruled *Eastland*, and it remains binding authority on this Court even if other jurisdictions have found it no longer persuasive. In *Eastland*, the Fifth Circuit held that federal employees could maintain a class action under Title VII so long as their claims were reasonably likely to have grown out of their individual complaints:

> Appellants' final contention is that the district court erred in refusing to allow them to maintain a class action under federal rule 23(b)(2). The district court's decision on this question was based upon its assumption that review was limited to the administrative record **and the fact that class claims would not have to be presented at the administrative level**. For the following reasons we hold that a class action is permissible under s 717 of the Civil Rights Act of 1964, 42 U.S.C. s 2000e-16, and that it is not necessary for unnamed members of the class, as defined by the district court on remand, to exhaust their administrative remedies as a prerequisite to class membership . . . . **[The] issues that may be raised are those issues that were raised by representative parties in their administrative complaints, together with those issues that may reasonably be expected to grow out of the administrative investigation of their claims.**

*Eastland*, 553 F.2d at 371-72.

Since then, the Fifth Circuit has followed and reaffirmed the same basic exhaustion rule from *Eastland*, including in *Fellows*, 701 F.2d at 447 (1983), *Pacheco,* 448 F.3d at 789 (2006), and *McClain*, 519 F.3d at 275 (2008), as discussed above. *Pacheco* itself, a leading case on the exhaustion issue, was a federal employment suit against the United States Department of Transportation. 448 F.3d at 785. In *Pacheco*, the Fifth Circuit cited approvingly of the rule articulated in *Fellows* that, in private employment cases, a plaintiff exhausts a class claim simply by putting the defendant on notice on the potential scope of the claim at the administrative level.

*See Pacheco*, 448 F.3d at 789. The Fifth Circuit could have taken the opportunity in this 2006 decision to disavow *Fellows* (or *Eastland*), or to limit the rule's application to only private employees given enactment of the 1977 class claim regulations. Instead, the *Pacheco* court highlighted its 1983 decision in *Fellows* for its holding "that an entire *class* of plaintiffs had exhausted their administrative remedies, even though the administrative charge complained only of *individual* discrimination," 448 F.3d at 789 (emphasis in original), and noted that the same basic standard for exhaustion applies for both federal and private employees. *Id*. at 788 n.6.

**3.    Defendant Asks the Court to Adopt an Erroneous Interpretation of Federal Regulations.**

Against this backdrop of Fifth Circuit jurisprudence, the decisions of other circuits discussed above (and defendant's parallel argument) all suffer from the same fatal flaw – the unwarranted assumption that, by providing the *option* of an administrative procedure specific to class complaints in 1977, the option was made *mandatory*. In fact, nothing in the text of the relevant regulations supports this view, and such a reading would contravene the purposes of Title VII.

**a.    The plain language of the regulations do not require potential class action plaintiffs to file administrative class complaints before pressing those class claims in federal court**

29 C.F.R. § 1614.204 does not provide that a class complaint is mandatory or a necessary prerequisite to an employee later filing a class action claim in federal court. Rather, an individual is authorized to do exactly what Ms. Pedregon did – file a lawsuit under Title VII "[a]fter 180 days from the date of filing an individual *or* class complaint if agency final action has not been taken." *See* 29 C.F.R. § 1614.407 (emphasis added).

Indeed, there is nothing unusual about EEO/EEOC procedures providing for alternative, discretionary options to aggrieved employees. For example, 29 C.F.R. § 1614.108(h) provides that

an employee may request a hearing before an administrative law judge, but Section 1614.108 does not *require* a complainant do so in order to preserve his claim for federal court.  Instead, an employee may also request a final agency decision, *see* 29 C.F.R. § 1614.108(f), or directly file suit in federal district court.  *See* 29 C.F.R. § 1614.108(f).

Likewise, based on the plain text of the regulation, 29 C.F.R. § 1614.204 imposes no express requirement that a federal-employee plaintiff must utilize the EEOC's administrative class claim procedures rather than individual claim procedures before bringing a class-action claim in federal court. Because a district court may not "look beyond the plain wording of the regulation to determine meaning" when the language is unambiguous, this Court ought not read Section 1614.204 to be mandatory, rather than merely permissive, for those complainants who wish to first seek class redress at the administrative level rather than in federal court. *See Anthony v. U.S.*, 520 F.3d at 380.

Consistently, nor is there any textual basis in Title VII to impose this more stringent exhaustion requirement on federal employment class-action claims. Simply put, Title VII's enforcement provisions do not even distinguish between class claims and individual claims. *See* 42 U.S.C. § 2000e-5.

### b.      Requiring potential class action plaintiffs to exhaust administrative class action remedies would contravene the purposes of Title VII.

Defendant's reading of the class action administrative procedure regulation also contravenes the purposes of Title VII. *See Jochum*, 730 F.2d at 1047.

The purpose of Title VII is "to protect equality of opportunity among all employees and prospective employees." *Sanchez*, 431 F.2d at 463. Title VII does not call for the EEOC to "adjudicate" claims. *Fort Bend Cnty., Tex., v. Davis*, 139 S. Ct. 1843, 1846 (2019). Rather, its role is to "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of

conference, conciliation, and persuasion." *Id.* at 1847 (citing 42 U.S.C. § 2000e-5(b)).

Most Title VII administrative complaints are made *pro se*, and "the provisions of Title VII were not designed for the sophisticated." *Pacheco*, 448 F.3d 783, 788 (quoting *Sanchez*, 431 F.2d at 463). As the Fifth Circuit has explained, "it is irrelevant whether [a particular plaintiff] is educated or uneducated. The point is that *some* charging parties are uneducated and inarticulate, and the procedural rules we develop…must be sufficiently liberal to protect their rights." *Sanchez*, 431 F.2d at 463.

In contrast, the EEOC's class complaint procedure is plainly designed for attorneys and includes detailed requirements that would realistically prove unmanageable for a *pro se* complainant. For instance, a class complaint at the administrative level is required to meet technical requirements identical to those in federal court. *Compare* Fed. R. Civ. P. 23 (class actions) *with* 29 C.F.R. § 1614.204(a)(2). A class administrative complaint must allege that "(i) [t]he class is so numerous that a consolidated complaint of the members of the class is impractical; (ii) [t]here are questions of fact common to the class; (iii) [t]he claims of the agent of the class are typical of the claims of the class; [and] (iv) [t]he agent of the class…will fairly and adequately protect the interests of the class." 29 C.F.R. § 1614.204(a)(2). The regulation furthermore provides for complex discovery in the form of "interrogatories, depositions, and requests for admissions, stipulations or production of documents," procedures for resolving discovery disputes, the requirement that any settlement be "fair, adequate, and reasonable to the class as a whole," and mandatory hearings before an administrative law judge regarding settlement. 29 C.F.R. § 1614.204(f)(1), (g)(4), (h).

Were the exhaustion of the EEOC's class complaint procedure mandatory, the requirement would eviscerate the class action remedy in federal court for any plaintiff who did not hire an

attorney at the administrative level. This result would thwart the purposes of Title VII, both by turning what is supposed to be an "informal" proceeding into a mandated, formal adjudication, and by failing to protect the rights of lay charging parties. *See Fort Bend Cnty., Tex.,* 139 S. Ct. at 1846; *Sanchez*, 431 F.2d at 463.

**4.      Requiring Potential Class Action Plaintiffs to Exhaust Administrative Class Action Procedures Would Contravene The Purpose of The Exhaustion Doctrine.**

Defendant's reading of the administrative class claim procedure regulations also contravenes the purpose of the exhaustion doctrine. Exhaustion in Title VII, federal employment cases is meant to provide the defendant agency with "an opportunity for voluntary compliance" by facilitating the agency's investigation and resolution of claims of discrimination. *See Davis v. Ft. Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018).

In fact, this question of whether a class action plaintiff "has exhausted her administrative remedies by filing an individual complaint of discrimination rather than a class complaint of discrimination" in light of the adoption of the class complaint procedure in 1977 was thoroughly examined in *Fitzwater v. Veterans Admin.*, 90 F.R.D. 435, 437 (S.D. Ohio 1981). There, the federal district court held that an individual complainant may proceed with a class complaint in federal court regardless of whether the complainant pressed a class claim at the administrative level:

> While this Court would agree that [seeking an administrative class claim] would be the "safe and certain" manner in which to proceed, in order to resolve all "exhaustion" questions prior to filing suit, it concludes that such a procedure is not a condition precedent to filing a Federal Court class action lawsuit . . . . What greater notice of an alleged pattern of discrimination could have been presented to an agency than the four individual complaints? Certainly a class complaint would not have more forcefully brought home the fact that complaints of discriminatory conduct existed. What greater efforts at conciliation would or could the agency have made if a class complaint were filed than were made as to each of the four individual complaints? . . . This Court feels that the answer to the above questions are obvious.

10

*Id.* at 438. Similarly, here, Ms. Pedregon specifically alleged a pattern of discrimination at USBP, stating explicitly that USBP has similarly and systematically denied promotional opportunities to other female, Hispanic employees. Doc. 16-3 at 5, 11, 14. This could not possibly have failed to provide notice to the USBP of an alleged pattern of discrimination at USBP. Ms. Pedregon's complaint did not deprive USBP of any opportunity to investigate and remedy its discriminatory conduct. USBP simply chose not to do so. Doc. 4 at 10-12.

**5.      Ms. Pedregon Exhausted Her Remaining Claims.**

Finally, defendant also argues that (1) Ms. Pedregon failed to exhaust her administrative remedies for all of her disparate impact claims because she did not "identify or present the facially neutral employment practice that allegedly resulting in a disparate impact on Hispanic, brown-skinned, or female employees during the CBP's administrative process" and that (2) she has "acknowledged" that she failed to exhaust her administrative remedies regarding any disparate treatment claims resulting from her December 9, 2019 non-selection. Doc. 16-1 at 5-6.

First, defendant cites no authority for the proposition that the employee's inability to identify the employer's specific policy in her administrative complaint means that she can not have exhausted a disparate impact claim. Ms. Pedregon put the CBP on notice that she was alleging disparate impact by consistently and explicitly saying so in her administrative complaint and subsequent amendments. Doc. 16-3 at 5, 14, 21, 27, 31. Because the scope of the investigation that could "reasonably be expected to grow out of" her allegation of disparate impact clearly would include an investigation into her disparate impact claim (including the investigation of CBP's relevant employment practices and policies), she exhausted her administrative remedies for her disparate impact claims. *See Pacheco*, 448 F.3d at 789. The agency was not "deprived" of the opportunity to evaluate its own policies during the administrative claim process, as defendant

claims. Doc. 16-1 at 6. CBP simply did not take reasonable steps to complete its investigation, despite Ms. Pedregon's to cooperate. Doc. 4 at 10-12. Regardless, defendant's argument essentially seeks to impose a heightened pleading requirement on a disparate-impact complainant by requiring them to fully articulate the policy, custom, or practice at issue without the benefit of discovery. Ms. Pedregon described the nature of the policy, custom, or practice she alleged existed, as well as its discriminatory impacts to her. Such is enough to put defendant on notice of the nature of her claim for purposes of administrative exhaustion.

Lastly, Ms. Pedregon has not "acknowledged" failing to exhaust remedies for her most recent disparate-treatment, disparate-impact, and retaliation claims resulting from her December 9, 2019 non-selection. As explained in her federal complaint, Ms. Pedregon timely filed an amendment to her initial administrative complaint on January 23, 2020, alleging disparate treatment, disparate impact, and retaliation with respect to her December 9, 2019 non-selection. Defendant implies, without citing any authority, that the agency's decision not to accept the amendment for investigation is proof that Ms. Pedregon did not exhaust the claim. To the contrary – it is proof only of defendant's refusal to participate in the investigation. Ms. Pedregon exhausted her administrative remedies for these claims by timely providing the agency with the information it needed to investigate and resolve the dispute. *See Munoz v. Aldridge*, 894 F.2d 1489, 1493 (5th Cir. 1990). "Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires." *Id.*

**CONCLUSION**

For the above reasons, Defendant's motion for partial dismissal should be denied.

Respectfully submitted:

/s/ Kevin S. Vogeltanz
Kevin S. Vogeltanz, TA (Bar #32746)
The Law Office of Kevin S. Vogeltanz, LLC
823 Carroll Street, Suite A / Mandeville, LA 70448
Telephone:  (504) 275-5149
Facsimile:  (504) 910-1704
Email: vogeltanz@gmail.com

*Counsel for Teresa Pedregon*

**LOCAL RULE 5.4 CERTIFICATION**

Pursuant to Local Rule 5.4, no certificate of service is required for this motion because all parties are electronic filers and will receive notice through the court's electronic filing system.

/s/ Kevin S. Vogeltanz

13