**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| TERESA PEDREGON | ) | |
| | ) | **Case No: 20-512 "A" (4)** |
| **Plaintiff,** | ) | |
| | ) | **Judge: Zainey** |
| v. | ) | |
| | ) | **Magistrate: Roby** |
| CHAD WOLF, ACTING SECRETARY, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION**</u>

**MAY IT PLEASE THE COURT:**

The Defendant, Chad Wolf, Acting Secretary of the United States Department of Homeland Security, files this Memorandum in Reply to Plaintiff's Opposition, R. Doc. 24, and in support of his own motion to dismiss, R. Doc. 16.

**I.       <u>Plaintiff's Class-Action Claims</u>**

As an initial matter, "Congress has granted the EEOC authority to establish procedures for adjudicating [employment] discrimination claims. [] Pursuant to this authority, the EEOC has promulgated regulations and guidance governing administrative class actions." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (specifically citing 29 C.F.R. § 1614.204) (other citations omitted). Thus, contrary to Plaintiff's argument, the Fifth Circuit has determined that § 1614.204 is a properly-promulgated and enforceable federal regulation. *Id.* Indeed, every federal circuit court to analyze the exhaustion requirement in § 1614.204 has come to the same conclusion. *See Rodriguez v. United States*, 852 F.3d 67, 82 (1st Cir. 2017) ("Federal employees pursuing a class complaint of discrimination, as plaintiffs do here, are subject to an administrative exhaustion procedure that differs in some respects from the procedures governing individual complaints.");

1

*see also Barkley v. U.S. Marshals Service ex rel. Hylton*, 766 F.3d 25, 36 (D.C. Cir. 2014); *Laughter v. Gallup Indian Medical Center*, 425 F. App'x 683, 686 (10th Cir. 2011); *McKnight v. Gates*, 282 F. App'x 394, 398-99 (6th Cir. 2008); *Williams v. Henderson*, 129 F. App'x 806, 812 (4th Cir. 2005); *Persons v. Runyon*, 172 F.3d 879 (table) (10th Cir. 1999); *McIntosh v. Weinberger*, 810 F.2d 1411, 1424 (8th Cir. 1987), *vacated sub nom. on other grounds*, *Turner v. McIntosh*, 487 U.S. 1212 (1988); *Lewis v. Smith*, 731 F.2d 1535, 1540 (11th Cir. 1984).

In her first argument, R. Doc. 24 at pp. 3-7, Plaintiff broadly and boldly proclaims that "[i]t has long been the law in the Fifth Circuit that a plaintiff may pursue a class-action claim in federal court if the substance of the class complaint has been raised through an individual administrative complaint." R. Doc. 24 at p. 3. Plaintiff relies on this broad statement in asking this Court to ignore the exhaustion requirement contained in 29 C.F.R. § 1614.204. In support of this argument, Plaintiff cites five Fifth Circuit cases.[1] This Court should reject Plaintiff's misapplication of these five Fifth Circuit cases. As described below, none of these cases are directly on point to this case and each of them is easily distinguishable.

Plaintiff cites *Pacheco v. Mineta* extensively in her argument. While *Pacheco* did involve a federal employee as the plaintiff, that plaintiff did not bring a class-action claim and § 1614.204 was not an issue in the case. Indeed, the *Pacheco* court only discusses class actions a single time the opinion, when it discussed *Fellows v. Universal Restaurants, Inc. See Pacheco*, 448 F.3d at 789. Because *Pacheco* did not involve a class-action claim or § 1614.204, it does not apply directly to this case.

---

[1] Plaintiff cites *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264 (5th Cir. 2008), *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006); *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447 (5th Cir. 1983), *Eastland v. Tenn. Valley Auth.*, 553 F.2d 364 (5th Cir. 1977), and *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970).

Plaintiff also approvingly cites *McClain v. Lufkin Indus., Inc.*, *Fellows v. Universal Restaurants, Inc.*, and *Sanchez v. Standard Brands, Inc*. Again, these three cases are easily distinguishable. While these three cases involved class-action employment claims, none of the plaintiffs involved were federal employees and all the employers were private companies. Therefore, the applicability of § 1614.204 was not an issue in *McClain*, *Fellows*, or *Sanchez* and they are not directly applicable to this case.

Finally, Plaintiff cites *Eastland v. Tenn. Valley Auth.*, which is again easily distinguishable. As Plaintiff herself notes, *Eastland* "predates enactment of the administrative class complaint procedure" that is at issue in this case. R. Doc. 24 at pp. 5-6. The same is also true for *Sanchez*. Therefore, neither is directly applicable to this case.

This Court should reject Plaintiff's attempts to artfully apply easily distinguishable Fifth Circuit jurisprudence. This Court should instead apply the clear requirements of § 1614.204, as was done by numerous other federal courts cited herein.

As is true with her first argument, Plaintiff does not cite a single case that directly supporters her argument in Section 3 of her opposition memorandum. *See* R. Doc. 24 at pp. 7-12. Notwithstanding Plaintiff's argument that the plain language of § 1614.204 does not create a mandatory exhaustion requirement, numerous federal circuit courts have found to the contrary (and none appear to have found in favor of her argument). Notwithstanding Plaintiff's argument that the class-action exhaustion requirement contravenes the purposes of Title VII, numerous federal circuit courts have found to the contrary (and none appear to have found in favor of her argument). While it is true that the class-action requirements in § 1614.204 are more strenuous than the requirements for bringing an individual discrimination claim, this merely reflects the reality that class-action claims and considerably more substantively complicated than individual

3

claims. "Failure to exhaust is not a procedural 'gotcha' issue. It is a mainstay of proper enforcement of the Title VII remedies." *McClain*, 519 F.3d at 272. "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *Id.* at 273.

In the final section of her argument regarding her class-action claims, R. Doc. 24 at pp. 10-11, Plaintiff relies on *Fitzwater v. Veterans Admin.*, an unpublished district court case from Ohio decided just a few years after the applicable regulation was created. *Fitzwater* is both distinguishable and inapplicable. First, the court in *Fitzwater* noted that its holding "must be strictly limited to the facts herein." 90 F.R.D. 435, 438 (S.D. Ohio 1981). Second, unlike the single plaintiff in this case, *Fitzwater* involved four individual plaintiffs, each of whom individually exhausted their administrative remedies. *Id.* Third, no other court appears to have relied on *Fitzwater* in the way Plaintiff requests while multiple courts have spoken disapprovingly of *Fitzwater*. *See Johnson v. Locke*, 2011 WL 1044151, at *13 (S.D.N.Y. 2011) ("Tellingly, there is only one case decided after the Class Regulations came into effect which has held that a plaintiff who exhausts only an individual Title VII claim may maintain a class action…."); *id.*at *14 ("except for *Fitzwater*, every court that has considered the question has concluded that a plaintiff must comply with the Class Regulations to exhaust a class-based claim under Title VII against a federal agency."); *Gulley v. Orr*, 905 F.2d 1383, 1385 (10th Cir. 1990) (holding contrary to *Fitzwater*); *see also Downes v. Adams*, 1982 WL 31035, at *2 (E.D.N.Y. 1982); *McIntosh v. Weinberger*, 1984 WL 3910, at *3 (E.D. Missouri 1984). Finally, the Sixth Circuit's decision in *McKnight* clearly has more precedential value than the Southern District of Ohio's decision in *Fitzwater* and seems to have implicitly overruled the reasoning behind *Fitzwater*. *See Johnson*, 2011 WL 1044151, at *13-14 (citing *McKnight*, 282 F. App'x at 397-99).

4

For the foregoing reasons, this Court should reject Plaintiff's arguments and dismiss her class-action claims pursuant to 29 C.F.R. § 1614.204.

## II.    Plaintiff's disparate impact claims

Surprisingly, Plaintiff cites *Pacheco* in support of her argument that she exhausted her disparate impact claims. R. Doc. 11-12. As the Fifth Circuit noted in *Pacheco*, to establish a *prima facie* disparate impact claim, "[a] disparate-impact plaintiff must show (1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class." 448 F.3d at 791. In this case, neither Plaintiff's EEO administrative claims nor her federal court Complaint identified a facially neutral policy. *See id.* at 792. "A neutral employment policy is the cornerstone of any EEO disparate-impact investigation…." *Id.* Like in *Pacheco*, Plaintiff's EEO administrative claims and her Complaint "facially alleged disparate treatment, identified no neutral employment policy, and complained of past incidents of disparate treatment only." *Id.* (cleaned up). Accordingly, Plaintiff's failure to identify a facially neutral policy at the administrative level or in her Complaint means that her disparate impact claims should be dismissed for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level" and "the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action."); *id.* at 570 (a plaintiff must "nudge [her] claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face.").

## III.    Plaintiff's claims stemming from her December 9, 2019 non-selection

Plaintiff only devotes a single paragraph to this issue. R. Doc. 24 at p. 12. CBP used proper discretion when it did not accept Plaintiff's January 23, 2020 proposed administrative amendment to add the December 19, 2019 non-selection. This is because, pursuant to 29 C.F.R.

§ 1614.106(e)(2), CBP was required to complete its investigation by April 18, 2020 (360 days after the initial administrative EEO complaint dated April 24, 2019). At that time, Plaintiff already had amended her administrative EEO claim nine times and meeting the regulatory deadline for investigation with this last non-selection included was not feasible for the agency. That said, CBP gave proper notice to the Plaintiff so that she could file a new EEO administrative complaint related to the December 19, 2019 non-selection. Plaintiff failed to do so and therefore has not exhausted the claims stemming from the December 19, 2019 non-selection.

## IV.    Conclusion

For the foregoing reasons, Defendant asks this Court to dismiss Plaintiff's class-action claims, her disparate impact claims, and all disparate treatment claims arising from her December 9, 2019 non-selection.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY


 /s/ JASON M. BIGELOW
JASON M. BIGELOW
Assistant United States Attorney
LA Bar Roll No. 29761
650 Poydras Street - Suite 1600
New Orleans, Louisiana 70130
Telephone:  (504) 680-3025
Fax:  (504) 680-3174
Email:  jason.bigelow@usdoj.gov

6