UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERESA PEDREGON                                              CIVIL ACTION

VERSUS                                                       NO: 20-512

CHAD WOLF, ACTING SECRETARY,                                 SECTION: "A" (4)
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY

## ORDER

The following motion is before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 16)** filed by the defendant, Chad Wolf, Acting Secretary of the United States Department of Homeland Security. The plaintiff, Teresa Pedregon, opposes the motion. The motion, submitted for consideration on October 14, 2020, is before the Court on the briefs without oral argument.

The plaintiff, Teresa Pedregon, has brought this Title VII action against her employer, United States Customs and Border Protection ("USBP"), through its agency head, the Acting Secretary of the Department of Homeland Security, Chad Wolf. The discrimination that Pedregon complains about first began in September 2018 when she was not selected for the USBP Associate Chief position in Washington D.C. (Rec. Doc. 1, Complaint ¶ 9). Pedregon contends that she was passed over for the position due to her sex (female), color (brown), and national origin (Hispanic). (*Id*. ¶ 13). Pedregon later amended her charge to raise similar discrimination claims for 10 other instances of non-selection based on sex, color, and national origin discrimination during 2019—these subsequent claims each included an allegation of unlawful retaliation based on the complaints raised regarding the prior non-selections.

Defendant now moves to dismiss certain of Pedregon's Title VII claims for failure

to administratively exhaust them prior to filing her civil complaint in federal district court: the class-action claim, the disparate impact claim(s), and the disparate treatment claim based on the December 9, 2019 non-selection. Pedregon takes the position that she has administratively exhausted all claims asserted in this civil action.

Pedrego is a federal employee. Title 42 § 2000e-16(c) permits most federal employees to seek relief in federal court from unlawful employment practices. *Pacheco v. Mineta,* 448 F.3d 783, 787-88 (5th Cir. 2006). As in other Title VII cases, a federal employee must first exhaust her administrative remedies by filing a charge of discrimination with the EEO division of the employing agency. *Id.* (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976); *Martinez v. Dep't of U.S. Army*, 317 F.3d 511 (5th Cir. 2003); 29 C.F.R. § 1614.105-107 (2005)).

Ordinarily, an employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC,[1] or that could not "reasonably be expected to grow out of the charge of discrimination." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (citing *Pacheco,* 448 F.3d at 789). The purpose of this exhaustion doctrine is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws. *Id.* Administrative exhaustion is important because it provides an opportunity for voluntary compliance before a civil action is instituted. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 307 (5th Cir. 2018). For this reason, Title VII requires administrative exhaustion. *Id.*

---

[1] Of course, filing with the EEOC is applicable to private sector employees; complaining federal employees must file their charge of discrimination with the EEO division of their agency. *Pacheco*, 448 F.3d at 488 (citing *Brown*, 425 U.S. at 820).

The Court **denies** the motion as to Pedregon's December 9, 2019 non-selection, which was the last of the 10 positions that Pedregon applied for in 2019. Pedregon followed the same procedure to exhaust this non-selection claim that she had used for the prior 9 non-selection claims but Defendant rejected the claim on procedural grounds. Regardless of Defendant's legitimate reasons for declining to accept yet another amendment to the initial charge filed in April 2019, the Court is not persuaded that this claim, which seems to be identical to the 9 claims that preceded it, should be dismissed for failure to exhaust. Title VII's administrative exhaustion requirement is not a jurisdictional bar to suit. *Davis*, 893 F.3d at 306.

As for Pedregon's disparate impact claims, the governing standard is whether those claims could reasonably be expected to grow out of the charge of discrimination that she submitted. *Pacheco*, 448 F.3d at 789 (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). Pedregon contends that by expressly stating in her charge(s) that she wished to pursue a disparate impact claim, she effected exhaustion. Defendant points out, however, that Pedregon never identifies the specific facially neutral practice that the disparate impact claims purport to be based upon; thus, according to Defendant, the disparate impact claims were not exhausted.

The Court **denies** the motion as to the disparate impact claims. Disparate treatment claims and disparate impact claims are both cognizable under Title VII but they represent two largely separate theories of discrimination. *Pacheco,* 448 F.3d at 787 (citing *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977)). Disparate treatment claims are grounded on proof of discriminatory motive—in other words, intentional discrimination. *See id.* Disparate impact discrimination, on the other hand, is grounded on employment policies or practices that are facially neutral in their

treatment of protected groups but in fact have a disproportionately adverse effect on such protected groups. *Id.* (citing *Hebert v. Monsanto*, 682 F.2d 1111, 1116 (5th Cir. 1982)). Proof of intentional discrimination is not an element of a disparate impact claim. *See id.*

In *Pacheco v. Mineta, supra*, the Fifth Circuit addressed for the first time the question of whether a disparate impact claim had been properly exhausted by the plaintiff's administrative charge. In that case the court of appeal concluded that a disparate impact claim had not been exhausted and in reaching that conclusion the court pointed out that the plaintiff had not identified any neutral employment policy that would form the basis of a disparate impact claim. *Pacheco*, 448 F.3d at 792. The court observed that a neutral employment policy is the cornerstone of any EEO disparate impact investigation since the EEO must evaluate both the policy's effects on protected classes and any business justifications for the policy. *Id.*

Importantly, the *Pacheco* court did not reject the plaintiff's disparate impact claim solely because the plaintiff had failed to identify the neutral policy in his charge. Rather, that court employed a fact-intensive inquiry by examining the specific facts described in the charge with an eye toward assessing what EEOC investigations it could reasonably be expected to trigger. *Id.* Employees, particularly those not represented by counsel at the exhaustion stage, are not to be penalized for failing to use specific labels; the administrative charge must be examined by looking slightly beyond its four corners to its substance rather than its label. *Id.* at 789 Given that all of Pacheco's factual allegations sounded only in intentional discrimination, the failure of Pacheco to include a neutral policy in his EEO charge was simply more support for the conclusion that a disparate impact claim could not reasonably have been expected to grow out of

Pacheco's administrative charge. *Id.* at 792.

Pedregon did not identify in her charge(s) a specific neutral employment policy that led to her non-selection for the positions that she applied for. And the specific facts that she alleges all involve intentional discrimination based on protected traits by the final decision maker at her agency. But Pedregon was express in her initial charge that in light of the paucity of women and Hispanics selected for the jobs that she was applying for, if disparate animus was not the cause then the explanation must lie with a facially neutral policy or custom at USBP. (Rec. Doc. 16-3 at 11 ¶ 13). Granted, it would have been easier for the EEO to investigate a claim of disparate impact if Pedregon had identified a specific policy or custom but the Court is persuaded that any competent investigator could have pursued the disparate impact claim based on the facts that Pedregon did include in the charge. The lack of a specific policy in the charge would not have prevented an appropriate investigation during the exhaustion phase because a disparate impact claim is certainly the type of investigation that the charge could reasonably be expected to trigger. The Court is persuaded that the disparate impact claim should not be dismissed based on the failure to exhaust.

Finally, the Court **grants** the motion as to the class action claim. The federal regulations pertaining to exhaustion by federal employees contain a specific exhaustion procedure for class claims. 29 C.F.R. § 1614.204. It is undisputed that Pedregon did not follow this procedure. And while the parties have argued extensively over whether the regulation's class exhaustion procedure is mandatory or simply available to those aggrieved employees who care to use it, this Court is persuaded that even if the procedure is not mandatory Pedregon's charge(s) nonetheless would not have put the EEO division of the agency on notice that a potential class claim was lurking in the

shadows, and therefore should be investigated at the exhaustion stage.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 16)** filed by the defendant, Chad Wolf, Acting Secretary of the United States Department of Homeland Security is **GRANTED IN PART AND DENIED IN PART** as explained above.

October 19, 2020

                                        JAY C. ZAINEY
                                        UNITED STATES DISTRICT JUDGE